McINNIS, Judge.,:
The devolutive appeal in this cause is from a judgment of the lower court,' fixing .the boundary lines dividing the property of plaintiffs from that of defendant.
The petition complies in all respects with the law providing for fixing of boundaries, and prays that a registered Louisiana surveyor be appointed to survey the lands in controversy, and to make a procés verbal in the presence of two witnesses, according to law.
The affidavit to the petition is dated March 28, 1952. It shows no filing by the Clerk of Court, however on March 29, 1952 citation was issued to defendant, and personal service was made on him the same day. On April 7, 1952 the district judge signed an order appointing A. C. Volk, registered surveyor, to survey the property and report thereon according to law. November 19, 1952 the surveyor made a written report to the judge, to which he annexed a plat of the properties.
Defendant made no appearance of any kind in response to the citation and copy of petition served on him. So far as the record discloses no preliminary default was ever entered against defendant. The only minute entry in the record, dated January 23, 1953 recites:
“This cause came on this day for trial. Present H. C. Sevier, Jr., of counsel for plaintiffs. After hearing the testimony of witnesses and argument of counsel, the law and the evidence being in favor of plaintiffs, it is ordered, adjudged and decreed that there be judgment in favor of plaintiffs and against defendant, fixing the boundary as shown by survey of Court appointed Surveyor.”
If any oral testimony was heard it is not in the record. The record is not numbered by page. Annexed to plaintiffs’ petition is a purported copy of the deed from E. A. Beers to them, but it is not certified or marked in any way to show that it was filed in evidence. The same is true of a *685 plat annexed to the petition, purporting to be a survey by William H. Carter, Registered Surveyor.
The procés verbal of the survey by A. C. Volk does not show that he gave any •written notice to any of the parties. In fact the only conclusion that can be arrived at is that he gave only oral notice. There is no showing that he made any demand for the title papers of the parties. Written notice to the parties is one of the duties of the surveyor. LSA-C.C. art. 834. The surveyor is bound to demand the title papers of the parties. LSA-C.C. art. 835.
The only document in the record that shows any filing by the Clerk of Court is the Judgment. There is a certificate at the end of the record signed by a deputy clerk reciting that the foregoing pages contain a true and correct transcript of the pleadings, minutes of court and all documents filed in the case. As said above, the pages of the record are not numbered. '
The argument of learned counsel for plaintiffs that defendant was given due notice of the survey and that he was present and made no protest, bars him from making complaint, might have some force if the formalities required by law had been complied with, and if issue had been joined by answer, or by the entry of judgment by default be shown by the record, however the record does not show that issue was joined in any manner. There is in the record a copy of a letter from the Clerk of Court addressed to defendant dated January 17, 1953, advising him that the judge in court Monday, January 12, 1953, set the case for trial January 23, 1953, at 10:00 o’clock a. m. but the record -does not disclose any minute entry at all on January 12, 1953, and as a matter of fact the case was not at that time at issue by appearance of defendant or by entry of default against him.
Defendant says in brief that defendant did not receive the letter until after January 23, 1953. Whether this is true is immaterial in-view of the condition of the record in the case.
We are of the opinion that failure to join issue in the contest by the entry of a preliminary default renders the judgment of the district .court void and of no force and effect. Code Prac. arts. 310 and 311. The other matters referred to might have the same effect. We call attention to them so that on further hearing in the district court, the errors here pointed out will not be repeated.
For the reasons assigned, the judgment appealed from is annulled and set aside, and this cause is remanded to the lower court for further proceedings according to law, and consistent with the views herein expressed. Costs of this appeal to be paid by plaintiffs-appellees. All other costs to await the finaí determination of this cause.