JONES, Judge ad hoc.
Alleging that he is the sole owner of certain property situated in St. Tammany Parish, Louisiana, that his property is bounded on the south by property owned by Dr. Marcus L. Pittman, Jr., and that the boundary between their estates is in dispute, William H. Talbot instituted this suit against his neighbor to the south seeking a judicial determination and fixing of the boundary. After his exception of vagueness was overruled, defendant, Dr. Marcus L. Pittman,, Jr., filed an answer wherein he admitted ownership of the property south of and adjacent to the property of William H. Talbot and further admitted that the boundary line between their properties was in dispute. He prayed that the court appoint the parishi surveyor to inspect the premises, making a detailed survey of the lands involved, and' for judgment fixing the north boundary of defendant’s property in accordance with the description of defendant’s property as set out in his answer.
An order was signed by the District Judge appointing H. G. Fritchie, surveyor,, “to inspect the premises described in the-foregoing petition, to survey the same and report thereon, in writing to the Court, according to law.” It subsequently developed that Mr. Fritchie was physically unable to survey and another order was signed as follows :
“On joint motion of counsel, and on suggesting to the Court that Mr. H. G. Fritchie, Parish Surveyor, appointed to' make the necessary survey in the above referred to and numbered matter is incapacitated and unable to make the said survey, and on further suggesting to the Court that counsel has agreed to have Mr. W. L. Case, Surveyor, make the said Survey, it is
“Ordered, that W. L. Case, Surveyor, be and he is hereby appointed and sworn to inspect the premises described in the foregoing petition, to survey the same and report thereon, in writing, to the Court, according to law.”
Under authority of the court order, Mr. Case proceeded to survey the premises im question and, on April 5, 1958, filed a procés. *119 verbal thereof in the office of the clerk of •court.
Pursuant to its assignment the case came •up for trial on July 16, 1958, and at that time the attorney for the defendant filed an ■exception to the procés verbal of the survey which had been filed as aforesaid. The exception was referred to the merits, the evidence was heard and the matter was submitted for decision. On January 15, 1959, judgment was rendered by the trial court in favor of the plaintiff and against the defendant. The appeal is taken from this judgment.
The exception to the procés verbal is based on the following grounds:
(1) The procés verbal does not mention that the surveyor gave notice to the interested parties as required by LSA-C.C. art. 834.
(2) That no such required notice was ever given to the defendant.
(3) That the procés verbal does not set forth that the surveyor was sworn.
(4) That the procés verbal, though signed by two witnesses, does not set forth that the said two witnesses were present when the survey was made.
An examination of the procés verbal shows that no mention is made that the .surveyor gave notice to the interested parties. Article 834 of the LSA-Civil Code places the duty on the surveyor to notify, in writing, the interested owners to be present .at the work if they think proper, and to inform them of the day and the hour when he will proceed to fix the limits; it further places on him the duty to make mention in his procés verbal of the notice, of the names of the parties notified, and of the date of the notice. The record discloses that no notice was given. Mr. Case relates that he -spoke to Dr. Pittman several times during the course of his work; that as Dr. Pittman was returning to and from his home, he would stop and the two of them would talk; .Mr. Talbot was likewise on the ground on occasion; Mr. Case stated that he did not know (evidently had not determined) where the lines were when he talked with Dr. Pittman or with Mr. Talbot.
The procés verbal does not show that the surveyor was sworn. The record shows that the only oath taken by Mr. Case was the oath administered to him when he was called to the witness stand on the date of the trial. LSA-C.C. art. 833 stipulates that the work must be done by a sworn surveyor.
The procés verbal does not set forth that the two witnesses were present when the survey was made. Mr. Case testified that the witness, Joseph Lopiccolo, was employed by him, helped him make the survey and was with him all the time; that the witness, Robert Tyson, was a colored caretaker (evidently on the Talbot property, but the record is not clear on this point) and helped him in getting over the property and showing him how to cross the slough but he did not actually help with the survey; that Tyson did not follow him around but went about his own job.
An action for a judicial determination lies, and the absolute right is given to have a boundary judicially determined, when two contiguous parcels of land (1) have never been separated, or (2) if the bounds, though previously fixed, are no longer visible, or (3) when the bounds have been fixed incorrectly. LSA-C.C. arts. 823, 824, 853.
It is apparent that the pleadings as filed warrent a judicial determination of the boundary between the properties of these litigants, for the properties are contiguous and each litigant admits that there is a dispute as to the boundary, and each invokes the authority of the court in determining the boundary.
The object of the action in boundary is to separate physically one parcel of property from another and to mark the limits by visible bounds, and the method of establishing a boundary, whether judicially or extra judicially, is the same:
*120 LSA-C.C. art. 833. “Whether the limits be fixed judicially or extra judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a procés verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the pro-cés verbal with him, or mention shall be made therein of the causes which prevented them from signing.”
LSA-C.C. art. 834. “Whenever any surveyor is called on to fix the limits between adjacent estates, it is his duty to notify, in writing, the owners interested therein to be present at the work, if they think proper, and to inform them of the day and hour when he will proceed to fix the limits; and he is bound to make mention in his procés verbal of the notice he may thus have given, of the names of the parties notified, and of the date of notice; and the surveyor shall make a record of his proceeding, and of the plans drawn by him, in order that copies may be delivered to the parties who may require them.”
LSA-C.C. art. 835. “If the parties thus notified, their representatives or attorneys in fact, appear at the fixing the limits, the surveyor appointed for the purpose is bound to demand of them their respective title papers, which they are bound to deliver to him in good faith, if they have them in their possession, in order that the surveyor may determine, by examining them, in what place to fix the boundaries.
“If the parties thus notified, or their representatives or attorneys in fact, refuse to deliver their title papers, the surveyor shall make mention of their refusal in his procés verbal, and of the causes they have alleged, if they have assigned any, for their refusal.”
LSA-C.C. art. 836. “The surveyor shall not set up his boundaries, until he shall have finished the whole work, and until then he must mark his lines of separation by pickets stuck in the ground for that purpose.”
LSA-C.C. art. 837. “If, before the surveyor has finished the work, or set up the boundaries, the parties interested, or any of them, shall make opposition thereto, the surveyor must desist, and refer the parties to the court, to have a decision on their respective rights, after having made mention of the opposition in his procés verbal, and the reason for the same, if any be alleged.”
The Codal provisions on boundary are to be found under Title V under the heading “Of Fixing the Limits, and of Surveying of Lands”. They confirm a legal principle that has long been recognized and sanctioned to the effect that, in the instances prescribed, every owner has the right to have the boundary of his property fixed and determined. This approaches the right to have and to own property. As a matter of fact, the sanctity of land boundaries is identifiable with that of land ownership, for without the former, the latter would be meaningless. Not only do the articles of this particular section of the Civil Code confirm the legal principle of the right to establish a boundary, but they outline the procedure to be followed.
In the case of Williams v. Bernstein, 51 La.Ann. 115, 25 So. 411, 413, where it was shown that a boundary had been established without adhering to the procedure of the Codal provisions it was held that a plea of prescription was not good and the court in. that case said:
“ ‘Article 853 is found in the Code, under the title of “Fixing the Limits, and of Surveying the Lands”; and it must be construed with reference to. other articles of the Code under the-same title which treat of the same subject-matter. The pivotal article under that title (article 833) provides that,, whether the limits be fixed judicially- or extra judicially, it must be done by a sworn surveyor of the state, who shall; *121 be bound to make a procés verbal of his work in the presence of two witnesses called for the purpose, who shall sign the procés verbal with him. There is no pretense here that such fixing of limits preceded the location of the partition fence erected by the commissary of the municipality at the time which he describes as being some time before the consolidation in 1852.’
* * * * * *
"The theory and policy of the law is that the survey by a sworn surveyor is an official act, and the procés verbal is written evidence of the proper location of land in accordance with the title papers of the parties, and is sufficient to translate the ownership of property, and serve as the basis of prescription. Applying the principles of law thus announced to the uncontested facts of the case, we are led to the conclusion that the plaintiff’s right of action to establish a permanent boundary line between his property and that of defendant is not barred by the prescription pleaded.”
In the early case of Lindsay v. Wright, 27 La.Ann. 565, where the trial court received the report of the survey which was not made in conformity with the Codal provisions, the judgment of the trial court was set aside and the case remanded for a new trial with these remarks:
“At the trial defendant excepted to the reports of these surveyors, because the procés verbal of the survey does not show that the parties in interest were notified in writing of the time and place of making the survey. The judgment of the court was based on the report of surveyors Melvin and De Voe, and from it the defendant appeals.
“The report of these surveyors should not have been received.”
See also Randazzo v. Lucas, La.App., 92 So.2d 398; Naylor v. Pope, La.App., 68 So. 2d 684.
As this is an action of boundary, the court is of the opinion that it must be governed by the special procedure outlined in the Civil Code. Since the survey was not made in conformity with that procedure, it is the further opinion of the court that the procés verbal could not be introduced or considered over the exception to its admissibility by the plaintiff.
Accordingly, the judgment of the trial court is set aside and the case is remanded for the purpose of a resurvey and to be proceeded with according to the views herein expressed, appellee to pay the cost of appeal.
Judgment reversed and case remanded.