ELLIS, Judge.
Mabel Foreman Boudreaux, an adjoining land-owner of Felix Stutes, brought this suit to have a disputed boundary line between their respective properties judicially fixed.
A preliminary default was entered against the defendant, Stutes; this default was confirmed and judgment rendered. Notice of judgment was served on the defendant, who has perfected a devolutive appeal.
*880 The defendant-appellant attacks the procés-verbal filed by the surveyor, Fred L. Colomb, maintaining the survey and proces verbal were not made in accordance with all of the, formalities required by law. Particularly, the complaint is that the surveyor was never put under oath and the proces verbal was not signed by the two witnesses as required.
The procedure to be followed in establishing a boundary is set forth in the Codal Articles which follow:
“LSA-C.C. art. 833. ‘Whether the limits be fixed judicially or extra judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing.’
“LSA-C.C. Art 834. ‘Whenever any surveyor is called on to fix the limits between adjacent estates, ■ it is his duty to notify, in writing, the owners interested therein to be present at the work, if they think proper, and to inform them of the day and hour when he will proceed to fix the limits; and he is bound to make mention in his proces verbal of the notice he may thus have given, of the names of the parties notified, and of the date of the notice; and the surveyor shall make a record of his proceeding, and of the plans drawn by him, in order that copies may be delivered to the parties who may require them.’
“LSA-C.C. art. 835. ‘If the parties thus notified, their representatives or attorneys in fact, appear at the fixing the limits, the surveyor appointed for the purpose is bound to demand of them their respective title papers, which they are bound to deliver to him in good faith, if they have them in their possession, in order that the surveyor may determine, by examining them, in what place to fix the boundaries.
“ ‘If the parties thus notified, or their representatives or attorneys in fact, refuse to deliver their title papers, the surveyors shall make mention of their refusal in his proces verbal, and of the causes they have alleged, if they have assigned any, for their refusal.’
“LSA-C.C. art. 836. ‘The surveyor shall not set up his boundaries, until he shall have finished the whole work, and until then he must make his lines of separation by pickets stuck in the ground for that purpose’.
“LSA-C.C. art. 837. ‘If, before the surveyor has finished the work, or set up the boundaries, the parties interested, or any of them, shall make opposition thereto, the surveyor must desist, and refer the parties to the court, to have a decision on their respective rights, after having made mention of the opposition in his proces verbal, and the reason for the same, if any be alleged.’ ”
An examination of this record shows Fred L. Colomb was, by order of the district court appointed to survey the property in question, and that the defendant, Felix Stutes, was personally served with a notice by this surveyor that he would proceed to make the survey on April 20, 1959 at 8:30 o’clock a. m. This notice was served on Stutes April 10, 1959 and he was requested to be present in person or to have some authorized person represent him. The proces verbal recites the surveyor was duly sworn-by a deputy clerk of court and that the notice to Stutes was made as above Stated-Further, that the surveyor called two witnesses, Lee Roy Joseph and Wilson Duncan, as witnesses and proceeded to the property in controversy at the appointed time, April 20, 1959, and was met there by the attorney for the plaintiff and her husband, but that Felix Stutes was not present nor was anyone there to represent him and *881 that no one appeared at any time during the making of the survey to represent States. The proces verbal refers to an exhibit labeled as exhibit “A” which was attached to the proces verbal. This plat of survey is signed by the Surveyor, Colomb, and by the witnesses, Lee Roy Joseph and Wilson Duncan, and is marked exhibit “A”. The proces verbal itself is signed only by Fred L. Colomb.
The note of evidence taken when the default was confirmed on June 15, 1959, shows the offering of the original petition, with personal service on the defendant as well as personal service of the notice submitted by the surveyor notifying him he would conduct the survey on April 20, 1959. Further, that the surveyor, Colomb, was duly sworn and his evidence taken. This evidence identified the proces verbal and plat. A default judgment was entered and notice of judgment was served upon the defendant.
The proces verbal recites Colomb was duly sworn by a deputy clerk of court and there is nothing to contradict this statement in the record.
The appellant cites Talbot v. Pittman, La.App., 114 So.2d 117 as authority for his statement the proces verbal was not made in strict adherence to the special procedure outlined, in the Civil Code. In that case the proces verbal made no mention notice was given to the interested parties and the record discloses no such notice had been given. Neither did the proces verbal show the surveyor was sworn or that the two .witnesses were present when the survey was made. Such are not the facts in the case at bar.
The plat of survey formed part of the proces verbal and was referred to therein as exhibit “A”. Both the surveyor and the witnesses signed this plat and it was introduced together with the proces verbal. This plat formed part of the proces verbal and the lower court found these sufficiently definite to allow it to fix the boundaries.
Aside from the two objections which we have covered, the proces verbal complies with the formalities required, in the Articles of the Civil Code set forth hereinabove and we find no necessity for a remand.
The judgment is affirmed.