194 So.2d 189 (1966)
Daize (Daes) CHERAMIE et al., Plaintiffs-Appellees,
v.
Raphael VEGAS et al., Defendants-Appellants.
No. 6786.
Court of Appeal of Louisiana, First Circuit.
December 28, 1966.
Rehearing Denied February 6, 1967.
*190 Edward T. Diaz, of Diaz & Erny, Golden Meadow, for appellants.
Walter I. Lanier, Jr., of Pugh, Lanier & Pugh, Thibodaux, Percy Sandel, New Orleans, for appellees.
Before LANDRY, ELLIS and BAILES, JJ.
BAILES, Judge.
This is a boundary action which was instituted to establish the dividing line between two contiguous properties, owned respectively by the plaintiffs and the defendants. The property is located in Section 5, Township 18 South, Range 21 East, Lafourche Parish, Louisiana. The plaintiffs are collectively the owners of a parcel of land having a front of one arpent by a depth of forty arpents, and the defendants, collectively, are the owners of a contiguous parcel having a front of two arpents by a depth of forty arpents, both tracts fronting on Bayou Lafourche.
Upon the filing of the suit on February 27, 1961, the court a quo appointed Mr. Carl *191 E. Heck, a registered Civil Engineer of this state to survey the boundary line sought to be established. On March 28, 1962, Mr. Heck filed his proces verbal of his work and a map of his survey. The plaintiffs, being satisfied with the line as established by Mr. Heck are proponents thereof and seek to have it established and recognized as such by the court, whereas the defendants oppose the Heck line. In opposing the Heck line, defendants employed Mr. Ben Garrett, a registered surveyor of this state, to fix the boundary line as he deemed correct.
As the trial court found the reasons advanced for the recognition of the respective lines based on technical testimony which required professional interpretation, and by and with the consent of the litigants involved herein, it appointed Mr. William Clifford Smith, a registered civil engineer of this state, an expert in surveying, to consult with and advise the court in this proceeding. This appointment was made on June 1, 1965. On the report of Mr. Smith to the court, the boundary line established by Mr. Heck was approved as the true and correct boundary between the property of the plaintiffs and the defendants. The trial court also casted each side with one-half of the costs of establishing the approved boundary line and court costs.
Defendants appeal, and the plaintiffs answer the appeal. The defendants appeal from the judgment establishing the boundary line, and the plaintiffs, in answering the appeal, contend the court erred in assessing them with one-half of the costs.
From the record it appears that Raphael Vegas purchased a tract of land from Mrs. John D. Nix, Jr., in 1917, measuring three arpents along the right descending bank of Bayou Lafourche by a depth of forty arpents. He sold the northern most one arpent frontage by a depth of forty arpents of land to Daize Cheramie in 1939, retaining the remaining two arpents by forty arpents for himself. This land has since, in part, passed by sales to other parties who are included in this suit either as plaintiffs or defendants. This three by forty arpent tract was a part of a tract of land which was originally confirmed by the United States to James Rigaud in 1817. This original tract of land measured sixty arpents on the front by forty arpents in depth. It was designated as Section 5, Township 18 South, Range 21 East on a plat of survey of the township by Joseph Gorlinski, Deputy Surveyor, and approved by the surveyor general of Louisiana in 1858.
It should be mentioned that the defendants are not contesting the location of the property within Section 5 or the establishment of the boundary line 19½ arpents north of the south line of Section 5, however what is vigorously disputed and contested by them is the location of the south line of Section 5 as fixed by Mr. Heck. The location of that line is the key to the dispute between the plaintiffs and defendants.
The defendants objected to the introduction of the proces verbal of Mr. Heck, although, in the dialogue between counsel and the court, defendants' counsel stated: "I think that one of the grounds of my objection was that the proper foundation has not been laid for the introduction of this particular document in view of the fact that this witness (Mr. Heck, the surveyor) has not testified as to what he did in the preparation on the ground for this proces verbal. I think it would be more in order for the introduction of this particular document to be made after the witness has testified." and further counsel stated: "* * * I quite agree with the court that the proces verbal is a report of what the Court appointed surveyor was appointed to do, but the best evidence of what the Court appointed surveyor did is the testimony of the witness himself who is here present in Court, and I think it would be more in order to have him testify and state what he did and then if they want to introduce the proces verbal itself, it would be all right." (Emphasis supplied by the court.) The record demonstrates that Mr. Heck was on the stand at that time identifying the proces *192 verbal, and he was interrogated at great length by both counsel for the plaintiffs and counsel for the defendants.
The defendants have devoted about one-half of their one hundred page brief to a discussion of the facts, the law and the jurisprudence on the question of the deficiencies of the proces verbal. We certainly have no quarrel with the defendants' positions that the proces verbal should be clothed with the formality prescribed by LSA-C.C. 833 through 836; however, the law governing the formality and contents of the court-appointed surveyor's proces verbal is of utmost importance and bears the greatest significance in cases where there is no other proof of proper establishment of the boundary line, and there is no opposing or corroborating evidence before the court. Such is not the case before us herein. The court appointed Mr. Heck to make a survey and thereby to establish the boundary; however, the defendants hired their own surveyor and proof of the correctness of the line as fixed by their surveyor was offered to the court. Furthermore, the court appointed an expert to examine into the work of both the court appointed surveyor, and the defendants' surveyor, to assist it in determining which survey was correct. We find the expressions of the law of this state as enunciated in the cases of Simmons v. Dixon (1965) La.App., 174 So.2d 138, 141; McMichael v. Williams (1962) La.App., 138 So.2d 22; Boudreaux v. Stutes (1960) La. App., 119 So.2d 879; Talbot v. Pittman (1959) La.App., 114 So.2d 117; Randazzo v. Lucas (1957) La.App., 92 So.2d 398, and Conrad v. Roussell (1948) La.App., 37 So. 2d 449 are not apropos to the particular facts of this case.
Directing our attention and discussion now to the question of which survey has produced the correct boundary line, we find the defendants are essentially opposing the Heck line on the ground that he did not use an established government section corner as his beginning point, that he changed the government course calls and that he failed to retrace the original survey to find the actual corners of this survey on the ground. It is the appellants' contention that the court appointed surveyor should have begun his survey at the SE corner of Township 18 South, Range 21 East since this is an established government corner marked by a government surveyor, P. A. Thibodeaux, in 1875. They argue that Mr. Heck used improper surveying techniques in relying on natural boundaries and monuments rather than relying on this government corner.
The principle is well established by statute and by the jurisprudence that it is the duty of a surveyor to retrace prior government surveys. The expert, William Clifford Smith, appointed by the court to advise it on the technical testimony, stated in his report that the survey from whence the United States severed title was the McCarthy & Henderson survey of 1831 which was retraced by Gorlinski in 1857. The problem was to identify these surveys on the ground. If the original corners and lines of the government surveys can be found, they must be followed since they are the highest and best evidence of the location of the government surveys. See LSA-R.S. 50:8, 50:125, and 50:154.
However, if the original corners and lines have been obliterated, natural objects and monuments are to be followed in identifying the prior surveys. It is well established that natural objects and monuments are more important than courses and distances in retracing old surveys and ascertaining the location of unknown and disputed lines. See Michael v. State (1961) La.App., 129 So.2d 587; Owens v. T. Miller & Sons Bldg. Supply Co. (1958) 101 So.2d 773; Carlisle v. Graves (1953) La.App., 64 So.2d 456; Aucoin v. Marcel (1948) 38 So.2d 81; and City of New Orleans v. Joseph Rathborne Land Co. (1945) 209 La. 93, 24 So.2d 275.
Mr. Heck testified that he controlled his survey by identifying Gorlinski's calls to the Remont Canal in Section 3 at its intersection *193 with Bayou Lafourche, designated by the letters H-A on his map attached to his proces verbal, and a small canal on or near the line between Sections 19 and 20, identified by the letters H-B on his map, and the meander of the right descending bank of Bayou Lafourche between these two canals in Township 18 South, Range 21 East. He further stated that having meandered the right descending bank of Bayou Lafourche between these canals, he was able to determine the meridian used by Gorlinski in his survey. He found the meridian used by Gorlinski to be 0°44'40'' counterclockwise from the true north, thus explaining Gorlinski's establishing the southern boundary of Section 5 as running South 52°45' West. By the use of this computation when Mr. Heck, retraced Gorlinski's survey, he found the southern boundary of Section 5 to run South 51°33' West. From this point, he stated that it was simply a matter of mathematical computation to set the boundary line between the properties in question since the upper and lower boundaries of Section 5 are parallel, and the surveyor need only lay off a line perpendicular from and parallel to the Southern boundary of Section 5 to satisfy the call arpents as set forth in the titles of the parties.
Mr. Ben Garrett, surveyor for the defendants, stated that he began his survey at the SE corner of Township 18 South, Range 21 East, as established by P. A. Thibodeaux in 1875; from this point he ran West on a true meridian, following the footsteps of the original survey. He continued West to a point marked G-C on his map which he determined was the Southeast corner of Section 23. From this point he ran north to establish the lower and upper front corner of Section 5 which he designated G-F on his map and established the other front corners of Sections fronting along the right descending bank of Bayou Lafourche. He stated that he found the southern boundary line of Section 5 to run South 52°45' West.
Mr. William Clifford Smith, the expert appointed by the court to assist in evaluating the technical evidence, found that the boundary of Section 5 as established by Garrett would create a deficiency within Township 18 South, Range 21 East, which actually does not exist. He stated that the Garrett survey is predicated on a two inch iron pipe which Garrett contends is the SE corner of Township 18 South, Range 21 East, as established by P. A. Thibodeaux in 1875. The expert stated that actually what was found by Garrett was an iron pipe set by a private surveyor in 1932 which did not satisfy the other calls of P. S. Thibodeaux and therefore, could not be taken as the SE corner of Township 18 South, Range 21 East.
The appellants contend that the expert appointed by the court, with the consent and approval of all parties to this litigation, erred in using survey data, other than that introduced into evidence, to support his finding that Mr. Heck's survey and map, rather than Mr. Garrett's, should be adopted by the court. Further, they complain that they were denied the right to cross-examine Mr. Smith in the use of this extrinsic survey data which they contend is dehors the record. We feel that it is only necessary to point out that as an expert, Mr. Smith evaluated the surveying practice and technique of Mr. Heck, and of course, in doing so he had the right to use his knowledge and training as an expert surveyor and engineer in this evaluation and his report to the court. We have not relied on any information contained in Mr. Smith's report to the district court which is dehors the record to conclude that Mr. Heck's location of the south line of Section 5, Township 18 South, Range 21 East is correct.
It is our opinion that the survey and map of the court appointed surveyor, Carl E. Heck, satisfied the location of the original government survey which controls the placement of the southern boundary of Section 5, Township 18 South, Range 21 *194 East; and the location of this line is no longer in controversy in this boundary dispute.
As we noted supra, the defendants are not contesting the location of the line between their property and that of the plaintiffs, that is the establishment of their common boundary line 19½ arpents north of the south line of said Section 5, however from our own investigation of the record we are constrained to question the propriety of locating this common boundary line in that position. From our understanding of the location of the various ownerships of property, as shown by the various acts of conveyances filed in the record, the south line of the Vegas (defendants herein) property should be located 17 arpents north of the south line of said Section 5, thus causing the boundary line common to two (2) arpent tract of Defendants Vegas, and the one (1) arpent tract of Plaintiffs, Cheramie, to be located 19 arpents north of the south line of said Section 5.
From our perusal of the record, we find we are unable, on the basis of the evidence before us in this record to approve the location of the boundary line between the property of plaintiffs and defendants as fixed by Mr. Heck.
We find that justice can best be served by remanding this case to the trial court for a correct determination and fixing of the boundary line in accordance with law and of this opinion.
The appellees contend the trial court erred in its assessment of costs. A determination of the question of assessment of costs is pretermitted herein. All costs of court will be assessed on the final determination of the issues.
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded to the trial court for the restricted purposes of correctly locating the boundary line common to plaintiffs' and defendants' property within Section 5, Township 18 South, Range 21 East, as herein approved, and the assessment of costs, all in accordance with law and the views herein expressed. The costs of this appeal to be paid one-half by plaintiffs and one-half by defendants.
Reversed and remanded.
PER CURIAM.
In the trial of this case on remand any legal evidence that is pertinent to a determination of the boundary line between the properties of the parties shall be received by the Trial Court, except as to the location of the South line of Section 5, Township 18 South, Range 21 East.
Rehearing denied.