ELLIS, Judge:
This is an action, brought by Daize (Daes) Cheramie, and others claiming under him, against Raphael Vegas, and others claiming under him, to judicially establish the boundary between their respective properties. Litigation concerning the boundary has been going on since 1949, and the instant case is before us for the second time. For a complete history and background, see Vegas v. Cheramie, 69 So.2d 66 (La.App. 1 Cir. 1953); Vegas v. Cheramie, 80 So.2d 880 (La.App. 1 Cir. 1955); and Cheramie v. Vegas, 194 So.2d 189 (La.App. 1 Cir. 1966).
The record shows that Raphael Vegas acquired the following described property on June 18, 1917:
“A certain tract of land situated in the Parish of Lafourche, State of Louisiana, on the right descending bank of Bayou Lafourche, at about Forty-Five (45) miles below the town of Thibodaux, and measuring Three (3) arpents, more or less front along the said Bayou La-fourche, by the ordinary depth of Forty (40) arpents; bounded above by lands of Ulysse Gisclare, this day purchased from Mrs. John D. Nix, Jr., and below by lands of John Chouest.”
On June 30, 1939, Raphael Vegas and others sold the following described property to Daize (Daes) Cheramie:
“A certain tract of land, situated in the Parish of Lafourche, State of Louisiana, on the right descending bank of Bayou Lafourche, at about 43 miles below the Town of Thibodaux, measuring one ar-pent front along the Bayou by 40 arpents in depth bonded above by lands of Gus-tave Cretini and below by lands of Mrs. Aime Vegas, wife of Octave Bruce and Raphael Vegas; now or formerly; together with all the buildings and improvements thereon and all rights, ways, privileges and servitudes thereunto belonging or appertaining.”
It is the boundary between those two properties which is in dispute. Although a fence was constructed after the purchase by Cheramie, it apparently did not remain in place for a sufficient period of time for any prescriptive rights to accrue as between the parties hereto before the first boundary suit was filed by Mr. Cheramie in 1949. See Articles 852 and 853, Civil Code.
When this suit was filed, on February 27, 1961, the court appointed Carl Heck, Surveyor, to locate the boundary between the parcels of land, both of which are located in Section 5, Township 18 South, Range 21 East, Southeast Land District of Louisiana. Section 5 is an irregular section, measuring some 60 arpents along Bayou Lafourche, by a depth of 40 ar-pents.
Mr. Heck carried out his survey by locating the south line óf Section 5 on the ground. By consulting abstracts of the properties in Section 5, he determined the location of the ideal boundary between the properties to be located 19% arpents northerly, measured along a line perpendicular to the south line of Section 5 and parallel thereto.
*705 Mr. Ben Garrett, a registered surveyor who made a similar survey on behalf of the defendants, determined that the ideal line would lie 19 arpents northerly of and parallel to the south line of Section 5. There was a considerable discrepancy between his location of the south line of Section 5 and that located by Mr. Heck.
In our first opinion in this case, we held that the location of the south line of Section 5 as made by Mr. Heck was correct. However, we noted that the ideal boundary line should be located 19 arpents northerly of and parallel to the said section line. We made this determination on the basis of the various deeds filed in evidence in the record, giving the earlier deeds priority in location over the later. We have re-examined the record, and our opinion remains unchanged in this respect.
When the case was last before us, the parties, in effect, offered us a choice between the lines as established by Mr. Heck and Mr. Garrett. We rejected both lines, but accepted Mr. Heck’s location of the south line of Section S, and fixed the distance to the north, at right angles to the south line, that the ideal title boundary between the properties would lie. In our remand, we left the door open for the introduction of any legal evidence bearing on the location of the boundary.
On remand, the trial court determined, following a hearing conducted prior to the trial, that “the only type of testimony which defendants herein may present to establish their case is evidence concerning the location of the boundary between the parties in accordance with their respective titles. No evidence concerning the respective acts of possession of the parties is legally admissible and relevant to these proceedings. In accordance with the pertinent provisions of the Louisiana Revised Civil Code, the boundary in this matter must be determined by title.”
The trial on remand was thereafter conducted on that basis, by stipulation and deposition. Mr. Heck once again testified that in his opinion the line was located 191/2 arpents northerly of and parallel to the section line.
The defendants offered the deposition of John Walker, a registered surveyor. He carried his title research back to an alleged eight arpent tract out of which the original Vegas three arpent tract was acquired. The entire eight arpent tract was sold in five parcels on the same day in 1917, the Vegas tract being the southernmost. Mr. Walker accepted the northerly and southerly lines of the eight arpent tract as pointed out to him by Mr. Vegas, and proceeded to locate the internal lines thereof, including the line common to the original Vegas tract and the Gisclair, later Cretini, tract, which bounded it to the north. He fixed the disputed boundary one arpent south of and parallel to the Cretini line. However, his survey shows that Cretini’s fence encroaches on the Cheramie tract at an angle, so as to cut off a triangular piece of property along the north line, fronting 44.-39 feet on the highway and tapering to the point some 478.62 feet back therefrom. This fence was found to be the boundary between the Cretini and Cheramie properties by judgment of the 17th Judicial District Court for the Parish of Lafourche, in the matter of Cheramie v. Cretini, No. 9558, dated November 29, 1949.
The Walker line passes through a building built by Cheramie, which lies immediately adjacent to and parallel to the fence built in 1939.
The Walker plats filed in the record by defendant show that the 1939 fence built between Cheramie and Vegas is approximately one arpent south of and parallel to the Cretini fence. It shows that the boundary line as located by Mr. Heck to be about 80 feet south of the Walker line at the front of the properties, and encompassing several buildings built by Vegas or those claiming under him. The Garrett line is located some 75 feet north of the *706 Walker line at the front, lies north of all of the Cheramie improvements, and is only 90 feet south of the Cretini fence at that point. The only line shown on the plat which does not do violence to the property of one or the other of the parties herein is that along which the fence was built in 1939. We also note that the line found by us to be the ideal title line according to title would be located some 96 feet further south of the Heck line, even further removed from the apparent lines of possession. None of the various lines established by the surveyors are parallel to each other.
It is now apparent from the record that the original Vegas tract is not located in accordance with an ideal title survey. It appears likely that the original boundaries thereof have been established for many years in the location shown by the Walker survey. However, since testimony relative to possession was excluded by the trial court, we have no evidence on this point.
Ideally, the boundary should be set in accordance with a survey based on the titles of the parties. Article 845, Civil Code. However, it is implicit in the provisions of the Civil Code relative to the boundary action that prescriptive rights based on possession can intervene and prevail over an ideal survey based on title alone. Articles 825, 843, 846, 847, 848, 849, 851, 852, 853, Civil Code. In this case, evidence as to possession by the various owners of adjacent properties, and of the parties, and the location of ancient boundaries should have been admitted for the purpose of showing the extent and boundaries of the original Vegas tract, including both the Cretini and Chouest boundaries on the north and south, respectively.
In addition, evidence as to the intention of the parties to the sale from Vegas to Cheramie should have been introduced, since this is the most important element to be considered in arriving at the location of their common boundary. Arnaud v. Barber, 225 So.2d 656 (La.App. 2 Cir. 1969); Meyer v. Comegys, 147 La. 851, 86 So. 307 (1920). In the latter case, the court said:
“As pointed out by the court below in its opinion, the legal guides for determining a question of boundary, or the location of a land line, in the order of their importance and value, are: (1) Natural monuments; (2) artificial monuments; (3) distances; (4) courses; and (5) quantity. But the controlling consideration is the intention of the party or parties.”
In this case, we have no natural monuments, no courses, nor quantity to consider. Therefore, the location must be determined from the location of the Cretini line, and the one arpent width of the property. The court should endeavor to establish the intention of the parties from the evidence given.
We find, once again, that there is not sufficient competent evidence in the record to permit us to identify the disputed boundary with legal certainty. We are, therefore, compelled to remand the case to the district court once more for the purpose of receiving evidence as hereinabove outlined, and for a decision in accordance with the principles herein expressed.
The judgment appealed from is reversed, and the case remanded to the trial court for further proceedings in accordance with law. The assessment of costs shall await the final determination of the issues here presented.
Reversed and remanded.