503 So.2d 1170 (1987)
William Warren BARKER, et al., Plaintiffs-Appellants,
v.
QUALITY BUILDERS, INC., Defendant-Appellee.
No. 86-346.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
*1171 John G. Williams, Natchitoches, for plaintiffs-appellants.
Wilson and Walker, Kelly Hamm, Alexandria, for defendant-appellee.
Before DOUCET, YELVERTON and KING, JJ.
YELVERTON, Judge.
This is a boundary action brought by William Barker and his wife seeking to establish the boundary line forming the southern boundary of the Barker property and the northern boundary of the land of the defendant, Quality Builders, Inc. The Barkers also sought damages for trespass from the defendant. From the trial court's judgment determining that the boundary between the two properties was the boundary line as shown on the Stephen Gremillion survey of April, 1985, and rejecting plaintiffs' claim for damages, the plaintiffs appeal. We affirm.
The single issue before us is whether the trial court's determination of the location of the disputed boundary was manifestly erroneous.
In July 1982 the Barkers acquired a one acre tract fronting on U.S. Highway 165 in Ball, Rapides Parish, Louisiana. This tract (the Anderson tract) was formerly owned by Leonard and Willie Anderson. Quality Builders acquired a tract fronting on Highway 165 in March 1983 from James and Sandra Starks. That tract lies to the south of the Anderson tract.
Quality Builders' chain of title includes a sale of the property from Charles Pickens to Cortez Fralick and Eva Grant in August 1956. That deed described the property as follows:
"A certain piece, parcel or tract of land comprising an area of one (1) acre, more or less, lying and being situated in the Northeast Quarter of the Northwest Quarter (NE¼ of NW¼) of Section Twenty (20) Township Five (5) North, Range One (1) East, Rapides Parish, Louisiana, together with all improvements thereon or belonging thereto and more particularly described as follows, to-wit:
"Begin at the center of the Northwest Quarter (NW¼) of Section 20, Township 5 North, Range 1 East, thence South 89 degrees 40 minutes East 222.1 feet to a point of beginning; thence South 89 degrees 40 minutes East 287.4 feet to the Western right of way of U.S. Highway # 165; thence North 10 degrees West 182.5 feet; thence South 80 degrees West, 283 feet; thence South 10 degrees East 131.5 feet to the point of beginning, as per plat of survey attached hereto and made a part hereof, being the same property acquired by the Vendor herein as per deed recorded in Conveyance Book 183, page 392, Records of Rapides, Parish, Louisiana." (Emphasis ours.)
The attached plat by Louis Daigre, Jr., dated August 17, 1956, shows the property conveyed as being bounded on the north by the Anderson tract. The relevant part of this plat is here reproduced:
*1172 
Plaintiffs contend that this plat was drawn in error, and that the defendant's northern boundary was actually 20.5 feet south of the southern boundary line of the Anderson tract according to the written description contained in the 1956 deed. Plaintiffs also contend that they acquired the 20.5 foot strip by virtue of a quitclaim deed executed in November 1983 from Chester and Edward Pickens.
The trial court, after carefully examining the exhibits and weighing the evidence, concluded that the boundary line between the two tracts was in the position shown in the 1956 Daigre plat and the 1985 Gremillion survey. We find no manifest error in this determination.
The location of a boundary is a question of fact to be determined by the trier of fact and this factual determination should not be reversed on appeal in the absence of manifest error. Broussard v. Coleman, 479 So.2d 1016 (La.App. 3rd Cir.1985), writ denied, 481 So.2d 1354 (La.1986).
At trial three surveyors testified: Stephen Gremillion, Jesse Lachney and Daniel Sandifer.
Stephen Gremillion was the court-appointed surveyor. Daniel Sandifer is a surveyor who defendant had hired to conduct a survey in 1983. Both of these experts relied upon the Daigre survey of 1956 as showing the boundary line between the two properties. Both Gremillion and Sandifer found an old pipe at the western corner of the boundary line believed to be set by Daigre. They both used this pipe as a corner. Both surveyors also relied on a 1950 written boundary agreement between Charles Pickens and L.A. Anderson. This agreement placed the boundary line in the same location as determined by Daigre, Gremillion and Sandifer.
Plaintiffs' surveyor, Jesse Lachney, was employed by the Barkers to survey their property to determine their southern boundary. He found the pipe believed to have been set by Daigre in 1956, and basically agreed that the property acquired by the Barkers in July 1982 was correctly shown on the Gremillion and Sandifer surveys. However, Lachney interpreted the written description in the 1956 deed from *1173 Pickens to Fralick and Grant as placing the northern boundary of defendant's property 20.5 feet south of the plaintiffs' southern boundary. Lachney's interpretation was based on the fact that the quarter line for that section was in reality 1340 feet south of the section line instead of 1320 feet south of the section line as assumed by Daigre in his 1956 survey. Lachney argued that although the survey attached to the deed purported to convey the tract adjacent to the southern boundary line of the Anderson property, the written description in the deed actually conveyed a tract of land located 20.5 feet south of the property. He argued that the deed governs over the plat in such cases. He reasoned that the original vendor (Pickens) or his heirs still owned the 20.5 foot discrepancy since this land was not included in the 1956 sale to Fralick and Grant. However, he understood that the Barkers had acquired the strip in a quitclaim deed.
On appeal the Barkers argue that the trial court's determination of the boundary was manifestly erroneous because the Gremillion survey was based largely on the 1950 boundary agreement between Pickens and Anderson. The appellant objected to the admissibility of that document arguing that the agreement was not by authentic act. We find no merit to this argument. The boundary agreement was written and signed by the two landowners. It is undisputed that they owned the two contiguous tracts of land at that time. The agreement was recorded in the parish conveyance records. It forms part of the chain of title. The comments to C.C. art. 789 state in pertinent part:
"(c) Owners of contiguous lands may enter into a written agreement designating in it a boundary or line of division between their lands. When recorded, this agreement may be asserted against third persons in the same way as any other agreement affecting immovable property. The effect of such an agreement is to convey ownership to each party up to the designated line."
In the present case the agreement was written and signed by the landowners and recorded, therefore the trial court properly admitted the agreement into evidence and the surveyors Gremillion and Sandifer properly relied on the agreement.
The appellants also argue that the trial court erred in not accepting the survey conducted by Jesse Lachney. We disagree. It is clear from the record that the surveyors, Gremillion and Sandifer, reached a different result than Lachney because Lachney felt that the written description of the 1956 deed controlled over the attached survey. All surveyors, including Lachney, agreed that the 1956 plat supported a conveyance of the tract adjacent to the Anderson tract.
The law is clear that in situations where there is a conflict between the written description in the deed and the attached plat, the plat of survey will control and govern the conveyance. Ganus v. Cuoco, 351 So.2d 224 (La.App. 4th Cir.1977), writ denied, 353 So.2d 1048 (La.1978), appeal after remand, 361 So.2d 968 (La.App. 4th Cir. 1978), and Hayward v. Noel, 225 So.2d 638 (La.App. 1st Cir.1969), writ denied, 254 La. 857, 227 So.2d 595 (1969). In the present case the trial court correctly relied on the surveys that utilized the 1956 plat of survey over the written description in the deed. We find no manifest error in the trial court's determination.
For these reasons the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.