584 So.2d 729 (1991)
William Wall MORRIS, et al.,
v.
Frederick J. SIGUR.
No. 90-CA-0860.
Court of Appeal of Louisiana, Fourth Circuit.
August 13, 1991.
Writ Denied November 15, 1991.
*730 John F. Whitney, Lindy Bode Aucoin, Lea & Gibbens, New Orleans, for plaintiffs/appellants.
Ewell C. Potts, III, Potts & Potts, Chalmette, for defendant/appellee Frederick J. Sigur.
Jerald N. Andry, New Orleans, for defendant/appellee Walter Dauterive.
Louis Stierwald, Jr., Walker Drake & Associates, Chalmette, for defendants/appellees Cecile Dauterive and James B. Dauterive.
Before SCHOTT, C.J., and CIACCIO and BECKER, JJ.
BECKER, Judge.
This appeal arises from a boundary dispute concerning the location of the 40 Arpent Line, the southernmost boundary of Section 1, Township B South, Range 12 East, Southeastern Land District of Louisiana. Plaintiffs, owners of Section 1, filed suit seeking a judicial determination as to the location of the 40 Arpent Line. Defendants are the owners of the property abutting plaintiffs' property along the 40 Arpent Line.
In 1976, the St. Bernard Parish Police Jury expropriated from the plaintiffs the property north of the 40 Arpent Line. Plaintiffs commissioned Eugene Estopinal's civil surveying firm to do a boundary survey of Section 1. Apparently dissatisfied with the southern boundary set by Estopinal, the plaintiffs hired John Walker to prepare another survey. Walker determined that the 40 Arpent Line laid south of the Estopinal line, enlarging the plaintiff's property. The St. Bernard Parish Police Jury chose to follow the Estopinal line and expropriated property up to that line.
Plaintiff instituted the present litigation alleging that the defendants were asserting adverse claims to their property, i.e., the property which lay between the Walker and Estopinal lines. Prior to trial, the parties stipulated that the trial court would make a legal determination setting and defining the location of the 40 Arpent Line.
Only two witnesses testified at the trial of this matter. Plaintiffs produced John Walker, who testified as to the process he used in locating the 40 Arpent Line. Steven Estopinal, the surveyor who prepared the 1976 survey for the expropriation, testified on the defendants' behalf. The trial judge chose to accept the testimony of Steven Estopinal and determined that the boundary established by the Estopinal survey was the correct southernmost boundary of Section 1. The court thus rendered judgment in favor of the defendants, and dismissed plaintiffs' suit.
Plaintiffs now seek review of the trial court's judgment, arguing that the findings of the trial court were manifestly erroneous.
The location of a boundary is a question of fact to be determined by the trier of fact and this factual determination should not be reversed on appeal in the absence of manifest error. Barker v. Quality Builders, Inc., 503 So.2d 1170 (La. App.3rd Cir.1987); Broussard v. Coleman, 479 So.2d 1016 (La.App.3rd Cir.1985), writ denied, 481 So.2d 1354 (La.1986). When there is conflict in the testimony, reasonable evaluations of credibility and reasonable *731 inferences should not be disturbed on review. Where such findings are based upon determinations regarding the credibility of witnesses, the manifest error rule requires great deference to the trier of fact's findings. Rosell v. ESCO, 549 So.2d 840 (La.1989). Arceneaux v. Dominque, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
At trial, each party produced their own expert surveyor. The trial judge, in assessing the credibility of the experts, chose to accept the testimony of Steven Estopinal. His credibility determinations are entitled to great deference. Where there are two permissible views of the evidence, the fact finder's choice between the two views cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, supra at 844.
Plaintiffs contend that the trial court should not have accepted Estopinal's testimony because Estopinal's survey was flawed. They argue that Estopinal did not refer to any physical monuments which were present at the time of the original government survey in the preparation of his survey. It is the duty of a surveyor to retrace prior government surveys in order to establish original section corners and lines. Bergeron v. Fournier, 426 So.2d 658 (La.App. 1st Cir.1982). If the original corners and lines of the government surveys can be found, they must be followed since they are the highest and best evidence of the location of the government surveys. L.S.A.-R.S. 50:8, 125, 154; Cheramie v. Vegas, 194 So.2d 189 (La.App. 1966), writ refused, 250 La. 907, 199 So.2d 918 (1967).
When the original corners and lines have been obliterated, natural objects and monuments are to be followed in identifying the prior surveys. Natural objects and monuments are more important than courses and distances in retracing old surveys and ascertaining the location of unknown and disputed lines. Cheramie v. Vegas, supra at 192; Liner v. Terrebonne Parish School Board, 519 So.2d 777 (La. App. 1st Cir.1987); Barham v. Department of Highways, 431 So.2d 899 (La.App. 2nd Cir.1983), writ denied, 438 So.2d 1111 (La.1983).
The initial United States Government survey of the area in question was prepared by Deputy Land Surveyor George H. Grandjean in 1872. Neither Walker nor Estopinal were able to locate the corners and lines of the 1872 Grandjean survey. However, Estopinal testified that he used the flagpole at the U.S. Barracks (now Jackson Barracks) and the steeple at St. Maurice Church (both in existence in 1872), to retrace Grandjean's steps in 1872 to locate the original 40 Arpent Line.
Estopinal's methods utilized in retracing Grandjean's 1872 survey were in accord with accepted surveying techniques. A survey predicated on sound surveying principles should be accepted unless the record shows it is incorrect. Porche v. Martin, 177 So.2d 288 (La.App. 1st Cir.1965); Liner, supra; Barham, supra. There is no evidence in the record to reflect that the procedure utilized by Estopinal was incorrect. Accordingly, we find that the trial court did not abuse its discretion in accepting the testimony of Steven Estopinal.
The plaintiffs also argue that the defendants are bound by the location of the 40 Arpent Line as designated in the surveys attached to their acts of conveyance. Plaintiffs rely upon the cases of Bernard v. Somme, 501 So.2d 893 (La.App. 5th Cir. 1987), and Barker v. Quality Builders, Inc., 503 So.2d 1170 (La.App.3rd Cir.1987) in support of their position. These cases provide that when there is a discrepancy between the document transferring title and the survey referenced in the property description, the survey controls.
Plaintiffs' argument is without merit. No discrepancies exist between the individual acts of conveyances and the attached surveys. The discrepancy which exists is between the separate acts of conveyance. Each conveyance and its attached survey shows a different location of the 40 Arpent *732 Line. Thus, the issue that was before the trial court is which survey correctly designates the location of the 40 Arpent Line. The trial court determined that the survey prepared by Steven Estopinal correctly locates and designates the 40 Arpent Line. We find no error in the trial court's ruling.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.