614 So.2d 203 (1993)
Sarah Ellen Smith SUIRE, et al., Plaintiff-Appellee,
v.
VERMILION PARISH SCHOOL BOARD, et al., Defendant-Appellant.
No. 92-56.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*204 Charles Thompson, Jr., Abbeville, for plaintiff/appellee.
Broussard & Broussard, Edward Broussard, Abbeville, for defendant/appellee V.P. of School Bd.
Sonnier, Hebert & Hebert, Paul Hebert, Abbeville, for defendant/appelleeSchool Bd. & Trahan.
Before YELVERTON, KNOLL and SAUNDERS, JJ.
SAUNDERS, Judge.
This is a boundary dispute concerning two adjoining pieces of property in Vermilion Parish, Louisiana. At issue in this case is a tract of land, consisting of approximately four (4) acres, located in the western portion of Section 15, Township 13 South, Range 1 East. This tract of land is bounded on the west by property owned by the defendant, the Vermilion Parish School Board, located in Section 16, Township 13 South, Range 1 East.
The plaintiff, Sarah Ellen Smith Suire, appearing as natural tutrix of Melissa Michelle Dartez, contends her ownership of the disputed tract was acquired by title. The defendants contend its ownership of the strip of land was acquired through thirty (30) years acquisitive prescription.
The case was heard on November 21, 1990, and March 19, 1991. The trial court fixed the boundary between the properties as the section line between Section 15 and Section 16, the line having been established by a survey made in 1983 by Stephen J. Langlinais, Registered Louisiana Land Surveyor.
Defendants, Vermilion Parish School Board (School Board), Otto Trahan, Godfrey Trahan, Kenneth Trahan, and Glenray Trahan (hereinafter referred to collectively as "the Trahans") appeal the trial court's judgment.

DISCUSSION
The court is bound to fix the boundary according to the ownership of the parties. When one party relies on title and the other party on acquisitive prescription, the party relying on title will prevail unless the adversary establishes his ownership by acquisitive prescription. LSA-C.C. arts. 792, et seq. The party claiming prescription under art. 794 has the burden of proving his allegations. Lowe v. Jones, 519 So.2d 379 (La.App. 2d Cir.1988), writ denied 522 So.2d 1097 (La.1988).
In boundary actions, the boundary's location is a question of fact to be determined by the trier of fact, and such determination should not be reversed on appeal in the absence of manifest error. Richardson v. Scrantz, 385 So.2d 1269 (La.App. 3d Cir.1980); Simmons v. Toliver, 422 So.2d 729 (La.App. 3d Cir.1982), writ denied 429 So.2d 155 (La.1983); Williamson v. Kelly, 520 So.2d 868 (La.App. 3d Cir.1987), writ denied 522 So.2d 562 (La.1988).
Plaintiff asserts Melissa's ownership through title acquired from a judgment of possession in the succession of Melissa's late father, Libby Paul Dartez. Mr. Dartez acquired the property from Acadia-Vermilion Irrigation Company or Valhi, Inc., by non-warranty deed dated March 14, 1980. The property description on the deed is as follows:
That certain strip, or parcel of land, situated in the Parish of Vermilion, State of Louisiana, in the Southwest Quarter of *205 Section 15, Township 13 South, Range 1 East, and more particularly described as follows:
Beginning at a point on the West line of said Section 15, 150.0 feet North on the Southwest corner of said section and running thence North on the West line of said section, 2415.0 feet, more or less, to a point; said point being 75 feet South of the Northwest corner of the Southwest Quarter of said Section 15; thence East 75 feet; thence South 2415.0 feet, more or less, to a point; thence West 75 feet to the point of beginning and containing 4.16 acres, more or less.
At trial, plaintiff relied on the description in this deed and the aforementioned survey to establish the boundary.

I.
The School Board objects to the trial court's use of the Langlinais survey to set the boundary at the section line. (The survey is attached to this opinion as Appendix I. The boundary line is indicated by the broken line between sections 15 and 16.) It is the School Board's position that it authorized the survey to be made only to determine the section lines and not the boundary between its property and that of the plaintiff.
In its brief, the School Board argues that the actual location of this seventy-five (75) foot tract is disputed. The School Board refers to various documents which contain discrepancies as to whether the strip of land commenced its width measurement in a drainage canal or at the canal bank or levee. We find no merit to this argument. More important, there are no discrepancies between the document transferring title and the subsequent survey. The legal property description is clear as to the location and the western boundary of that tract was the section line.
The survey that eventually delineated that section line and boundary was made in accordance with the prevailing standards and practices of the profession of surveyors. A survey predicated on sound surveying principles should be accepted unless the record shows it is incorrect. Porche v. Martin, 177 So.2d 288 (La.App. 1st Cir. 1965); Morris v. Sigur, 584 So.2d 729 (La. App. 4th Cir.1991), writ denied 589 So.2d 1054 (La.1991). There is no evidence in the record to reflect that the procedure utilized by Langlinais was incorrect, nor is there a conflicting survey in the record. We find the trial judge did not abuse its discretion in accepting the survey of Langlinais. Further, we find no reason why another independent survey should be made.

II.
The School Board contends that the Trahans, as tenant farmers of the School Board, performed several acts of corporeal possession which not only amounted to noticeable and visible acts of possession on behalf of the School Board, but also were continuous in nature for a minimum of thirty (30) years and potentially in excess of fifty (50) years.
The possessor, in order to claim ownership by acquisitive prescription, must have corporeal possession, or civil possession preceded by corporeal possession. The possession must be continuous, uninterrupted, peaceable, public, and unequivocal. LSA-C.C. art. 3476. Furthermore, possession extends only to that which has been actually possessed. LSA-C.C. art. 3487. The corporeal possession necessary to support prescription is governed by the nature of the land and the use to which the land is put. Where a party claims only the corporeal detention without title, he must show an adverse possession within enclosures. See LSA-C.C. art. 3487. An enclosure does not require a fence but it does require that the land possessed as owner may be established with certainty, either by natural or artificial marks sufficient to give notice to the world of character and the extent of the possession, as well as its full identity and its certain boundaries. Alford v. Jarrell, 471 So.2d 970 (La.App. 1st Cir.1985); Hesser v. Richardson, 579 So.2d 1136 (La.App. 2d Cir.1991).
The School Board introduced evidence tending to show acts of possession as early as the 1920's. However, conflicting *206 evidence presented by the plaintiff indicated the possession was not continuous, unequivocal, and uninterrupted for a period of thirty (30) years.
The bulk of the testimony was elicited from family members of both the Trahan family and the Dartez family. The testimony consisted of recollection from the members of both families as to what had happened as early as the 1940's, when the witnesses were children. Otto Trahan testified that a fence was built on a canal to the east and past the newly delineated township line. This fence was considered by the Trahans as the eastern boundary of the School Board's property. It was his testimony that this fence was built prior to the 1930's. The canal is shown on the attached survey, labeled "Drainage Canal." It was also his testimony that another fence was constructed later, further westward of the canal, along a roadway sometime in the mid-1930's. The roadway is indicated on the survey by the dark unbroken line, lying within Section 16. He testified that once this fence was built, the Trahan family did not maintain the area between that fence and the one located on the canal, which would be the disputed tract. For instance, before the fence along the roadway was constructed, the Trahans allowed their cattle to graze in the area up to the canal. Once the fence was constructed, the cattle were contained by that fence and did not venture further westward. The Trahans were farmers and Otto Trahan admits that at no time in his recollection did he or members of his family farm the disputed tract. Furthermore, no member of the Trahan family could testify that other acts constituting possession occurred on the area between the two fences, other than occasional grape picking and hunting. Therefore, even assuming such acts would constitute acts of possession, it could not be proven that these acts were continuous for a thirty (30) year period.
The School Board also attempted to show that a garbage dump was maintained on the property by the Trahans. However, the dump was admittedly used by the general public, existed for only a short period of time and occupied a very small area. Moreover, no one testified as to the exact location of the dump.
The interesting aspect in this case is that a member of the Dartez family moved onto the tract in 1949. The School Board takes the position that the Trahans, who were their lessees, thought that the Iby Dartez family was allowed to clear land and place a house on it, with the permission of the School Board. Libby Dartez, plaintiff's ancestor in title, who was the son of Iby Dartez, then purchased the property in 1980 from Contran, whose predecessor was Valhi, Inc. Documentary evidence introduced indicated that Iby Dartez leased the property from Valhi and placed a house on the property in 1949. The School Board had no involvement with Iby Dartez being on that property. Here was a major disturbance in the School Board's right to possess the tract, and no possessory action was filed (assuming arguendo a right to possess was acquired).
The entire case is wrought with contradictory testimony. When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences should not be disturbed on review. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The trial judge, although providing us with written reasons for ruling, failed to provide specific findings of fact and merely concluded that the School Board and the Trahans had not established possession of the disputed tract for a period in excess of thirty (30) years and, therefore, were not entitled to ownership of that parcel of land. We have thoroughly examined the record to determine whether the trial court's judgment was, as the School Board and the Trahans claim, clearly wrong or manifestly erroneous. Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985). We find it was not.
Considering the foregoing, we affirm the judgment of the trial court. Costs of this appeal are cast to the appellants, Vermilion Parish School Board, Otto Trahan, Godfrey Trahan, Kenneth Trahan, and Glenray Trahan.
AFFIRMED.
*207