519 So.2d 777 (1987)
Stanley E. LINER, et al.
v.
TERREBONNE PARISH SCHOOL BOARD, et al.
No. CA 86 1341.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
Rehearing Denied February 3, 1988.
Writ Denied March 25, 1988.
Thomas L. Wright, Houma, for plaintiffs and appellantsStanley E. Liner, et als.
John M. McCollam, New Orleans, for defendant and appelleeTerrebonne Parish School Bd.
John Kennedy, Corinne Morrison, New Orleans, for defendant and appelleeKilroy Co.
Robert Rooth, New Orleans, for defendant and appelleePlacid Oil Co. & Kilroy.
Before COVINGTON, SAVOIE and LeBLANC, JJ.
*778 LeBLANC, Judge.
This litigation involves a dispute regarding ownership of property located in Terrebonne Parish, Louisiana. Stanley E. Liner and other members of the Stanley Liner family filed suit against the Terrebonne Parish School Board[1] seeking to be recognized as owners of the property in dispute and claiming damages for physical disturbance of their property and for the value of the minerals removed from beneath the property.
The Liners[2] claim ownership of two nonadjacent tracts of land located on the left decending bank of Bayou DuLarge in Township 20 South, Range 16 East ("T20S-R16E"). The Liners hold title to property located in Section 9 of T20S-R16E and claim that the two tracts of land in dispute are located within Section 9 of T20S-R16E.
The School Board also claims ownership of these two tracts of land. The School Board holds title to all land located within Section 16 of T20S-R16E, which lies directly south of Section 9, and claims that the tracts of land are located within Section 16.
The trial court determined that the defendants proved that the disputed land lies almost entirely within Section 16, except for an inconsequential piece of the land, and rendered judgment in favor of the defendants. Plaintiffs appeal.
Plaintiffs concede that if the property in dispute is determined to be located in Section 16, they have no ownership claim based on possession because Section 16 land is state land that cannot be acquired by acquisitive prescription.
The issues presented are:
1. For the purpose of determining whether plaintiffs or defendants bear the burden of proof and what the proper burden of proof is, should this suit be classified as a petitory action or an action for a declaratory judgment?
2. Assuming that plaintiffs have proven that they would prevail in a possessory action, have the defendants proven ownership of the property in dispute?
La.Code of Civ.P. art. 3651 provides that the petitory action is brought by someone who is not in possession of immovable property. Since it is uncontested that plaintiffs have built their homes and live on the property in question and have exercised various other acts of possession on the two tracts of land in dispute during the last fifty years, we find that this suit should be classified as an action for a declaratory judgment.
La.Code of Civ.P. art. 3654 provided at the time this suit was filed:
"When the issue of ownership of immovable property ... is presented in an action for a declaratory judgment ..., the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right in a possessory action, unless the adverse party makes out his title thereto; or
(2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action."
Plaintiffs contend that the evidence establishes that they would prevail in a possessory action and thus judgment should be rendered in their favor unless defendants prove ownership of the land in dispute.
We determine that it is unnecessary to address whether the Liners would prevail in a possessory action because we find that the School Board has proven that it owns *779 the property in dispute based on the strength of its own title, except for a small part of the northern tract of land. The record clearly establishes that the School Board has traced its title to the land within Section 16 back to the sovereign. However, to establish title to the property in dispute, the School Board also has the burden of establishing that the land in dispute lies within Section 16. See, Vallee v. Richardson, 331 So.2d 201 (La.App. 3d Cir.), writ denied, 337 So.2d 523 (La.1976). We find that the School Board has met this burden based on the testimony provided by defendants' two expert witnesses and plaintiffs' expert witness.
Defendants' expert land surveyor, William Clifford Smith, prepared a resurvey of the boundary line between Sections 9 and 16. In preparing this resurvey, Mr. William Smith reviewed the original government survey of T20S-R16S, which was prepared in 1838. The monuments set by the government surveyor, which marked the section corners in this township, no longer exist. In order to reestablish the section lines, Mr. William Smith reviewed the private survey work of his father, T. Baker Smith, who performed survey work in the 1920's and 1930's.
T. Baker Smith's survey work and field notes indicate that he reestablished an original government corner, that being the east bank meander corner of Bayou DuLarge where it intersects the western section line of Section 20, T20S-R16E, based on the location of a tree that was marked as a witness tree by the original government surveyor. The government surveyor's field notes indicated where the corner was originally marked in reference to the witness tree. Based on the location of this reestablished government corner, three other original government corners in an adjacent township were established by T. Baker Smith. At this point, Mr. T. Baker Smith's examination of the government surveyor's field notes revealed errors in the government survey regarding certain measurements of distance. Working from the four reestablished government corners and placing emphasis on Bayou DuLarge as a natural monument, Mr. T. Baker Smith prorated the errors in the original government survey work across the township. Based on these calculations, T. Baker Smith identified the boundary line between Sections 9 and 16.
Mr. William Smith testified that he reviewed his father's field notes and calculations and verified the actual position that his father established as the section line between Section 9 and 16. He testified that the survey work he performed was based on the Manual of Instructions for the Surveying of the Public Lands of the United States prepared by the U.S. Department of the Interior which sets forth rules for locating townships and section corners. He further testified that based on his reestablishment of Section 16, T20S-R16E, all of the land in dispute, except for a small triangular corner in the northwestern corner of the northern tract of land, was located in Section 16.
Plaintiffs contend that the testimony of Mr. William Smith regarding the survey work prepared by other surveyors is inadmissible hearsay testimony. We disagree.
In State v. Austin, 282 So.2d 711, 712 (La.1973), the court decided that the testimony of an expert in accident reconstruction should not be barred because his opinion was based on information supplied to him by others. Also, in State v. Fallon, 290 So.2d 273, 291 (La.1974) the supreme court held that it is permissible for doctors testifying as experts to rely upon reports of other doctors and nurses in forming their opinions. Also see, Barley v. State, Through State Dept. of Hwys., 463 So.2d 689 (La.App. 4th Cir.1985).
We find that Mr. William Smith's testimony is analogous to the situations presented in the above-cited jurisprudence and, therefore, his testimony should not be barred for the sole reason that his opinion was based, in part, on the work of other surveyors.
The defendants' other expert land surveyor, Dr. Terry Dantin, and plaintiffs' expert land surveyor, Mr. Kenneth Rembert, testified that Mr. William Smith's resurvey *780 work was performed in accordance with the accepted survey procedures designated in the government manual. Mr. Rembert also testified that he did not attempt to construct a resurvey of this property but that if he had attempted such a resurvey he did not believe his results would be significantly different from Mr. Smith's survey.
Furthermore, we find that Mr. William Smith's survey techniques utilized in the reconstruction of the boundary line between Sections 9 and 16 are in accordance with the jurisprudential guidelines set forth in boundary actions. Although this particular case is not classified as an action to establish a boundary between two separate pieces of property, we find that the guidelines for the reconstruction of a line set forth in the boundary cases are applicable to this case, since the resolution of this case depends on the location of a particular section line.
It is the duty of the surveyor to retrace prior government surveys in order to establish original section corners and lines. Bergeron v. Fournier, 426 So.2d 658 (La.App. 1st Cir.1982). Mr. William Smith's testimony and survey report clearly establish that his efforts were directed towards establishing the section corners and lines of the original government survey work of 1838 by examining the original government survey plat and field notes.
When Mr. Smith found that the government field notes contained conflicting information regarding the location of Bayou DuLarge within T20S-R16E and certain measurements of distance within the survey area, he prorated the error throughout the township, placing most emphasis on the information in the field notes regarding the location of Bayou DuLarge rather than the information regarding distances. This procedure is in accordance with the jurisprudential guidelines set forth in Cheramie v. Vegas, 194 So.2d 189 (La.App. 1st Cir. 1966), writ refused, 250 La. 907, 199 So.2d 918 (1967): ... if the original corners and lines have been obliterated, natural objects and monuments are to be followed in identifying the prior surveys. It is well established that natural objects and monuments are more important than courses and distances in retracing old surveys and ascertaining the location of unknown and disputed lines. Also see, Barham v. Department of Highways, 431 So.2d 899 (La.App. 2d Cir.), writ denied, 438 So.2d 1111 (1983).
Furthermore, Smith's utilization of the technique of proration for the purpose of fitting together the sections of the township was appropriate. See, Board of Com'rs v. Mt. Forest Fur Farms, 178 La. 696, 152 So. 497 (1933), Smith v. Scarpengos, 56 So.2d 757 (La.App. 2d Cir.1952).
A survey predicated on sound surveying principles and procedures should be accepted unless the record shows it is incorrect. Porche v. Martin, 177 So.2d 288 (La.App. 1st Cir.1965); Barham, 431 So.2d 899 at 903. In this case, plaintiffs have not presented any evidence to show that the Smith survey is not predicated on sound surveying principles and procedures. However, plaintiffs contend that the resurvey does not reestablish the precise section line of the original government survey, since the section line of the Smith survey was established based on a proration of the errors found in the government field notes. Plaintiffs argue that since there is no possible surveying method that can be used to reestablish the exact location of the original government section line, defendants cannot prove ownership of the land in question.
Based on plaintiffs' argument, once original government survey markers have been lost and assuming any slight amount of error in the government survey work, it would be virtually impossible to prove ownership of property within the area of that survey. Plaintiffs would have this court place on the defendants a burden of proof that is impossible to overcome.
We find that the defendants need only prove the location of the property based upon accurate and competent evidence in accordance with applicable jurisprudential principles and accepted surveying principles. We find that defendants have met this burden of proof. To find otherwise, based on the facts of this case, would foster the instability of land titles.
Accordingly, we accept the location of the section line between Sections 9 and 16, *781 as affixed in Mr. William Smith's resurvey, and we find that defendants have proven ownership to all of the land in dispute, except for that portion of the northern tract of land that lies within Section 9 of T20S-R16E.[3] We find that plaintiffs have proven ownership to this piece of land and that the trial court should have awarded judgment in favor of the plaintiffs with respect to this piece of property. However, based on the evidence in the record, we cannot prepare a property description that would specifically identify this piece of property as mandated by La. Code of Civ.P. art. 2089, which provides, "All judgments and decrees which affect title to immovable property shall describe with particularity the immovable property affected." Therefore, we remand this case to the trial court for the sole purpose of rendering a judgment that will describe with particularity that part of the northern tract of land which lies within Section 9 of T20S-R16E.
The judgment of the trial court is affirmed in part and remanded.
Costs are to be paid by plaintiffs.
AFFIRMED IN PART AND REMANDED.
NOTES
[1] Suit was also filed against Placid Oil Company and Kilroy Co. of Texas, Inc. Pursuant to oil and gas leases executed by Terrebonne Parish School Board, these companies have engaged in oil and gas production from the land located in Township 20 South, Range 16 East since 1975 and 1981, respectively, and production was ongoing as of the end of the trial in this matter on September 24, 1985.
[2] Stanley E. Liner died while this appeal was pending. His heirs, on their motion, were substituted for him in these proceedings.
[3] The portion of the northern tract of land that lies within Section 9 is colored in red on Exhibit Smith-3.