638 So.2d 1138 (1994)
LAFOURCHE REALTY COMPANY, INC.
v.
DUARD EYMARD COMPANY, INC.
No. 93 CA 1278.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
John F. Pugh, Thibodaux, and P. Albert Bienvenu, Sr., New Orleans, for plaintiff-appellee.
John C. Orgeron, Cut Off, for defendant-appellant.
Before WATKINS, SHORTESS and FOGG, JJ.
FOGG, Judge.
The issue raised on appeal in this possessory action is whether an action subsequently filed, seeking a declaration that the defendant in the possessory action is the owner of the property at issue, converts the possessory action to a petitory action as provided by La.C.C.P. art. 3657.
In December of 1989, Lafourche Realty Company, Inc. (Lafourche) filed the instant possessory action, claiming that by execution of a mineral lease on March 28, 1989, defendant Duard Eymard Company, Inc. (Eymard) disturbed its possession of property located in Sections 33 and/or 34, Township 20 *1139 South, range 22 East, Lafourche Parish, Louisiana, which petitioner alleged it had continually possessed since January 27, 1921, when it received title to the property. Lafourche prayed for judgment in its favor recognizing and maintaining its possession of the property, and ordering Eymard to assert its claim for ownership to the property within sixty days thereafter or be precluded from asserting a title claim thereafter. In its answer, Eymard claimed possession dating back to the time when it claimed its ancestor acquired the property by Act of Sale dated September 16, 1919, and that it and its ancestor had possessed as owners thereafter; it admitted that it had granted the lease as alleged.
In May of 1992, Eymard filed a petition against Lafourche titled "Petition for Declaratory Judgment," by which it asserted ownership, through a title document and acquisitive prescription, and possession of the same property which is in dispute in the instant possessory action. Eymard asserted that its title included the subject property and that it was and should be declared the owner of the property.
Lafourche responded by filing, in the instant suit, a motion for summary judgment, a motion for judgment on the pleadings, and a motion in limine. The motion for summary judgment sought a ruling from the trial court that Eymard had converted the possessory action into a petitory action through its filing of a suit for declaratory judgment in a separate proceeding. Lafourche's motion for judgment on the pleadings sought a judicial declaration that Eymard had impermissibly cumulated the possessory action into a petitory action through language utilized by Eymard in its pleadings in the possessory action. Lafourche's motion in limine sought a ruling on the issue of which party could claim "just title" to the disputed portion of the property.
After hearing the matter, the trial court granted Lafourche's motion for summary judgment and motion for judgment on the pleadings, and denied the motion in limine. Eymard appeals the granting of the motion for summary judgment and the motion for judgment on the pleadings. On appeal, Eymard contends the trial court erred in determining that it judicially confessed its possession of the subject property.
Chapter I of Title II of the Code of Civil Procedure, is entitled "Actions to Determine Ownership or Possession", and provides for three different actions through which one can assert ownership or possession of real property. La.C.C.P. art. 3651 provides for petitory actions, which are actions brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership. La.C.C.P. art. 3654 provides that "the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment...." A plaintiff who is in possession of the property at issue can bring an action for declaratory judgment, thereby raising issues of possession and ownership in the same action. Liner v. Terrebonne Parish Sch. Bd., 519 So.2d 777 (La.App. 1st Cir.1987), writ denied, 521 So.2d 1173 (La.1988), cert. denied, 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988). Finally, La.C.C.P. art. 3655 provides for possessory actions.
In the instant case, Eymard alleges in its declaratory action that it is in possession of the subject property. Therefore, it is not a petitory action under La.C.C.P. art. 3651, but rather an action for declaratory relief under La.C.C.P. art. 3654. Cf. Decatur-St. Louis, Etc. v. Abercrombie, 421 So.2d 253 (La.App. 4th Cir.1982).
La.C.C.P. art. 3657 provides, in pertinent part, as follows:
If, before executory judgment in a possessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possessory action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.
The language of this article limits its operation to situations involving a petitory action filed while a possessory action is pending. Such is not the case herein; therefore, Eymard's *1140 action for declaratory relief did not trigger the operation of Article 3654. The trial court erred in granting a summary judgment and a judgment on the pleadings in favor of Lafourche.
For the foregoing reasons, the summary judgment and judgment on the pleadings rendered in favor of Lafourche is reversed; the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Lafourche.
REVERSED AND REMANDED.