898 So.2d 431 (2004)
William B. SKILLMAN and Ernest E. Skillman, Jr.
v.
Melba L. HARVEY, Jr., James Ford Harvey and Rosemary Harvey Jackson.
No. 2003 CA 2724.
Court of Appeal of Louisiana, First Circuit.
December 30, 2004.
Writ Denied April 1, 2005.
*432 Jeremy F. Werfal, F. Scott Kaiser, Michelle F. Plauche, Baton Rouge, Counsel for Plaintiffs/Appellants William B. Skillman and Ernest E. Skillman, Jr.
Leslie D. Ligon, Jr., Clinton, Counsel for Defendants/Appellees Melba L. Harvey, Jr., James Ford Harvey and Rosemary Harvey Jackson.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
Plaintiffs filed this action to establish a boundary line between the contiguous properties of plaintiffs and defendants. Defendants reconvened asserting a different boundary line and seeking damages for trespass. The trial court rendered judgment in favor of defendants. For the reasons that follow, we reverse the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
On August 3, 2001, plaintiffs, William B. Skillman and Ernest E. Skillman, filed a boundary action against defendants, Melba. L. Harvey, Jr., James Ford Harvey and Rosemary Harvey Jackson. The Skillmans asserted that on December 31, 1976, they purchased the following described property in East Feliciana Parish:

*433 Tract lying, being and situated in the Parish of East Feliciana, Louisiana, Town of Jackson, with all of the buildings and improvements thereon, containing 29 acres, more or less, described as: commence at vendor's gate in the field; run east to Keller's line; thence run north on Keller's line to the Clinton and Jackson public road; then west down said public road towards Jackson to a point opposite said gate first mentioned, thence south to place of beginning, LESS right of way of the Jackson railroad through said described tract of land.
(The Skillman property). The Skillmans further asserted that the Harveys are the record title owners of the adjoining tract of land described as follows:
A certain tract or parcel of land, together with all buildings and improvements thereon and all rights, ways, privileges, servitudes and prescriptions appurtenant thereto or in anywise appertaining, lying, being, and situated in the Parish of East Feliciana, State of Louisiana, and containing thirty (30) acres, more or less, bounded on the North by Jackson Railroad, East by Klein and Peterson, and South and West by East Louisiana State Hospital.
(The Harvey property). The eastern edge of the Harvey property abuts the western edge of the Skillman property. The Skillmans asserted that because the reference points in the property description no longer exist, a dispute has arisen between plaintiffs and defendants as to the boundary lines of their respective properties. Based on the knowledge of the location of the eastern, northern and part of the western boundaries of the Skillman property, and the fact that the property description reflects twenty-nine acres, more or less, the Skillmans sought to have the remainder of the western boundary and the location of the southern boundary determined in accordance with a survey performed by Curtis M. Chaney for GWS Engineering, Inc. The Skillmans asserted that the survey accurately reflects the boundary between the Skillman and Harvey properties based on physical evidence and historical title documents.
The Harveys filed an Answer and Reconventional Demand on November 5, 2001, asserting that the common boundary between the properties is an existing fence, painted line, and old railroad embankment, and sought to have the boundary fixed along said line.[1] The boundary line as requested by the Harveys is set farther north than that requested by the Skillmans. At issue, therefore, are nine acres claimed by both parties. The Harveys additionally sought treble damages for timber cut by the Skillmans on the nine acres of disputed property.
Trial of the matter was held on July 16, 2003. Reasons for Judgment were issued on August 20, 2003, in favor of the Harveys finding that they proved ownership of the nine acres by possession. Judgment fixing the common boundary up to the disputed fence line was signed on September 4, 2003. Plaintiffs appealed.
On appeal, the Skillmans raise three assignments of error:
1. The trial court erred in holding that plaintiffs failed to establish the boundary of their property by title where clear title records were introduced into evidence without objection and the boundary of the Skillman property was established *434 according to the calls set forth by Louisiana law.
2. The trial court erred by holding that defendants gained ownership of the disputed portion of the Skillman property by acquisitive prescription where the property has never been cleared or used for any consistent purpose that could possibly establish open, notorious and adverse possession sufficient to establish ownership under Louisiana law.
3. The trial court erred by awarding the defendants $14,000.00 for timber which the plaintiffs cut on property which plaintiffs own and to which they have a good title.

DISCUSSION
In a boundary action, the court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession. LSA-C.C. art. 792. Additionally, LSA-C.C.P. art. 3693 provides that after considering the evidence, including the testimony and exhibits of a surveyor or other expert appointed by the court or by a party, the court shall render judgment fixing the boundary between the contiguous lands in accordance with the ownership or possession of the parties.
The Louisiana Supreme Court has established that in cases where boundary questions exist, the legal guides for determining the location of a land line in property descriptions, in order of their importance, are: natural monuments, artificial monuments, distances, courses, and quantity, the controlling consideration being intention of the parties. City of New Orleans v. Joseph Rathborne Land Co., 209 La. 93, 109-10, 24 So.2d 275, 281 (La.1945); Meyer v. Comegys, 147 La. 851, 857, 86 So. 307, 309 (La.1920).
The survey in this matter was conducted by Wayne Sledge, a licensed surveyor with GWS Engineering, Inc., who was qualified as an expert land surveyor at trial, and testified that when performing the survey, his surveyors inventoried the entire area to collect as much data as possible. Thus, it was necessary to survey the Harvey property in conjunction with the Skillman property. Mr. Sledge testified that in this case, there were no remaining natural or artificial monuments, nor were there distances or bearings given in the deeds. Therefore, according to the rules of surveying, and going through the hierarchy of calls, it was necessary to use the last call, the call of quantity. The titles called for twenty-nine acres, more or less, in the Skillman tract, and thirty acres, more or less, in the Harvey tract. Mr. Sledge testified that based on the results of the survey, the Skillmans would have 28.94 acres and the Harveys would have 30.31 acres, which is very consistent with the historical title documents.
Mr. Sledge further testified that Curtis Chaney, who was his survey coordinator between 1996 and 2001, made the original survey in 2000. In 2002, when Mr. Sledge saw that this matter was going to trial, he reconstructed the original survey since Mr. Chaney was no longer with the firm. Mr. Sledge testified that he agreed with the southern boundary as established by Mr. Chaney.
Mr. Chaney testified by deposition. He testified that he surveyed the property in 2000 at Ben Skillman's request to determine the property lines of the Skillman tract. He was provided copies of the historical title documents. The starting point in the Skillman's property description was the vendor's gate, which no longer existed. He testified that initially he was unsure where the western line of the Skillman property was located, so he contacted Mr. *435 Skillman for permission to contact the adjacent landowner to discuss the survey and obtain additional information. Mr. Harvey showed him some maps and other information. Thus, utilizing the east and west boundaries, Mr. Chaney testified that he projected the line south to encompass the twenty-nine acres called for in the deed, using quantity as the only available call.
Additionally, Charles R. St. Romain, a registered land surveyor and Administrator of the State Land Office, retained in part by the Harveys to confirm the survey prepared by Mr. Chaney, admitted on cross-examination that Mr. Chaney's survey was accurate as to the mathematical calculations and configurations.
A survey predicated on sound surveying principles should be accepted unless the record shows it is incorrect. Liner v. Terrebonne Parish School Bd., 519 So.2d 777, 780 (La.App. 1 Cir.1987), writ denied, 521 So.2d 1173 (La.1988), cert. denied, 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55; Fallin v. Pesnell, 27,814, p. 8 (La.App. 2 Cir. 1/24/96), 667 So.2d 581, 585. We find that the survey correctly established the southern boundary of the Skillman property according to title. Further, with regard to intent, the parties clearly intended that the Skillman property would comprise twenty-nine acres, more or less, and the Harvey property would contain thirty acres, more or less. Thus, the trial court erred when it determined that neither party showed ownership as reflected by titles. The Skillmans have proven that they owned the disputed property based on the strength of their own title.
We also find that the trial court was clearly wrong in finding possession by the Harveys of either ten or thirty years. Ownership of immovable property may be acquired by prescription of thirty years without the need of just title or possession in good faith. LSA-C.C. art. 3486. If a party and his ancestors in title possessed for thirty years more land than called for in the title without interruption and within visible bounds, the boundary shall be fixed along those bounds. LSA-C.C. art. 794. To acquire possession, one must intend to possess as owner and take corporeal possession of the thing. LSA-C.C. art. 3424. Corporeal possession is the exercise of physical acts of use, detention, or enjoyment over a thing. LSA-C.C. art. 3425. The party alleging acquisitive prescription must establish that his possession has been continuous and uninterrupted, peaceable, public and unequivocal. LSA-C.C. art. 3476; Harry Bourg Corp. v. Punch, 94-1557, p. 7 (La.App. 1 Cir. 4/7/95), 653 So.2d 1322, 1327. What constitutes possession in any case is a question of fact, and each case depends upon its own facts. The corporeal possession necessary to support the plea of prescription must include such external signs of possession as to indicate clearly that the possessor holds control and dominion over the property. Jacobs v. Southern Advance Bag & Paper Co., 228 La. 462, 472-73, 82 So.2d 765, 768 (1955).
The Skillmans established that their family has owned the twenty-nine acres since 1902 and that they bought it from their mother, Helen Klein Skillman, in 1976. Ben Skillman testified that since he purchased the property, he has paid property taxes, placed two mortgages and entered into a mineral lease on the twenty-nine acres.
The Harveys established that M.L. Harvey, Sr. acquired his thirty acres in 1968. James Harvey testified he occasionally rode a horse with his father to the back of the property to check on the timber. Leroy Harvey testified that he has walked the property but not all the way around the perimeter. Two witnesses on behalf of the Harveys also testified that in 1996 and *436 1997 they leased 30 acres from the Harveys for bow hunting.
Mr. St. Romain, the surveyor hired by the Harveys, was asked to look for any evidence of possession along or near the property lines or within the properties. He testified that he found evidence of an old fence, painted trees and angle irons which indicated possession along the disputed fence line. On cross-examination, however, Mr. St. Romain conceded that fences are not necessarily external boundaries and therefore do not necessarily indicate possession.
Based on the above, we are unable to conclude that the Harveys proved their own possession of the nine acres for thirty years. Occasional hunting is insufficient to constitute actual corporeal possession. Norton v. Addie, 337 So.2d 432, 436 (La.1976). Also, the occasional acts of walking or riding the property are not the type of acts to constitute open, notorious and adverse possession. LSA-C.C. art. 3476. Furthermore, with regard to the old fence on the railroad line, the evidence is undisputed that the Harveys did not maintain the fence as their own. The evidence clearly shows that it was the Skillmans' tenants who maintained the fence in question. The only evidence presented as to the identity of the original builder of the fence was that the fence was built to keep the livestock of the Skillmans' tenants from falling or getting trapped in the lower, heavily-wooded area south of the fence line, not to establish a boundary. While we recognize the difficulty in showing possession of heavily-timbered property, we simply cannot find sufficient evidence of possession that included the disputed nine acres.
With regard to ten-year possession, the party claiming ownership of property has the burden of proving the four requisites for ten years acquisitive prescription: (1) possession for ten years; (2) good faith; (3) just title; and (4) a thing susceptible of acquisition by prescription. LSA-C.C. art. 3475; Harry Bourg Corp., 94-1557 at p. 4, 653 So.2d at 1324; O'Brien v. Alcus Lands Partnership Trust, 577 So.2d 1094, 1097 (La.App. 1 Cir.1991). Because we find that the Harveys failed to present sufficient evidence of just title or sufficient evidence of possession, the claim of ten-year acquisitive prescription also fails.
Accordingly, we determine the southern and lower western boundaries of the Skillman property to be that described in the GWS Engineering, Inc. survey, attached hereto and made a part hereof as Appendix 1, originally dated October 18, 2000, and revised on November 10, 2000 and May 2, 2002, by G. Wayne Sledge, land surveyor, wherein the Skillman property contains 28.74 acres and the Harvey property contains 30.31 acres.
Having found the disputed nine acres to be part of the Skillman tract, we also reverse the trial court's award of $14,000.00 to the Harveys for the value of the timber cut by the Skillmans on the disputed property.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. The boundary between the Skillman property and the Harvey property is found to be that depicted in the survey prepared by G. Wayne Sledge for GWS Engineering, Inc., originally dated October 18, 2000, and revised on November 10, 2000 and May 2, 2002, which survey is attached hereto as Appendix 1. Because both parties benefited from the fixing of the boundary, we assess the costs equally. Smith v. Overton, 417 So.2d 872, 877 (La.App. 1 Cir.1982).
REVERSED AND RENDERED.
*437 
NOTES
[1] We note that the existing fence line referenced in the Harveys' pleadings is actually the remnants of an old fence.