PIED A TERRE, L.L.C.
v.
SUCCESSION OF INEZ LAVERGNE DEVILLIER, LARRY L. DEVILLIER, PAMELA DEVILLIER DAWSON, KEYTH A. DEVILLIER, MERYL DEVILLIER TRAHAN, PHILIP P. DEVILLIER, CHERISE L. CAUTHRON, VALERY HART, KIM HART MARTIN, WES HART, AND NAN HART MILLER.
No. 2007 CA 0799.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
CHRISTOPHER H. RIVIERE, Attorney for Plaintiff/Appellant. PIED A. TERRE, L.L.C.
ROBERT L. ATKINSON, JUDE C. BURSAVICH, Attorneys for Defendant/Appellee LVD Management, Inc.
BEFORE: GAIDRY, McDONALD AND McCLENDON, JJ.
McDONALD, J.
This is an appeal of a judgment rendered in a boundary dispute in the Seventeenth Judicial District Court. For the following reasons, the judgment is affirmed.
Plaintiff in this matter, Pied A Terre, L.L.C, sought to have the western boundary of its property judicially determined after a dispute arose over the use of a road allegedly located partially on its property and partially on adjoining property owned by the Devillier heirs.[1] The Devilliers claimed the road was entirely on their property and asserted that their ownership of property to a clearly defined boundary was established by acquisitive prescription. They alleged that the boundary was evidenced by a ditch that has always separated the properties, a historic fence line, and a road, formerly enclosed by the fence, known as the Devillier Road.
Trial on this matter was held on five non-consecutive days commencing on January 18, 2006, and ending on April 20, 2006. After taking the matter under advisement, the trial court rendered judgment on February 12, 2007, in favor of LVD Management, L.L.C, ordering the boundary be fixed in accordance with its possession, and decreeing that it had acquired ownership to that extent through ten (10) years acquisitive prescription. The court also issued extensive written reasons for judgment, citing the applicable law and factual findings supporting its decision.
In order to reverse a factfinder's determination, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the factfinder is clearly wrong or manifestly erroneous. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1992). The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently. Pinsonneault v. Merchants & Farmers Bank & Trust Co, 01-2217 (La. 4/3/02), 816 So.2d 270, 279. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong, and where a factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Jackson v. Tulane Medical Center Hosp. and Clinic 05-1594 (La. 10/17/06), 942 So.2d 509, 513. The trial court need not choose between competing expert testimony where the facts alone provide a basis for the trial court's decision. Henderson v. Nissan Motor Corp. 03-606 (La. 2/6/04), 869 So.2d 62, 69.
The trial court found that the Devilliers had acquired ownership of the disputed property through ten years acquisitive prescription. The requisites for the acquisitive prescription of ten years are: possession often years, good faith, just title, and a thing susceptible of acquisition by prescription. La. C.C. art. 3475. To acquire possession, one must intend to possess as owner and take corporeal possession of the thing. La. C.C. art. 3424. Corporeal possession is the exercise of physical acts of use, detention, or enjoyment over a thing. La. C.C. art. 3425. What constitutes possession in any case is a question of fact, and each case depends upon its own facts. Skillman v. Harvey, 03-2724 (La. App. 1 Cir. 12/30/ 04), 898 So.2d 431, 435, writ denied, 05-0272 (La. 4/1/05), 897 So.2d 610.
Good faith is presumed. Neither error of fact nor error of law defeats this presumption. La. C.C. art. 3481. It is sufficient that possession has commenced in good faith; subsequent bad faith does not prevent the accrual of prescription of ten years. La. C.C. art. 3482. There were no allegations of bad faith made in this case.
A just title is a juridical act, such as a sale, exchange, or donation, sufficient to transfer ownership or another real right. The act must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated. La. C.C. art. 3483. The title relied upon by one seeking to establish ten years acquisitive prescription must sufficiently describe the property so as to transfer its ownership. One must be able to identify and locate the property from the description in the deed itself or from other evidence which appears in the public records. Harry Bourg Corp. v. Punch, 94-1557 (La. App. 1 Cir. 4/7195, 653 So.2d 1322, 1325. The Devillier property was acquired by Louis and Inez Devillier on March 28, 1945, recorded at COB 115, Folio 429, Entry 66334. The property was described as:
That portion of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Lafourche, State of Louisiana, on the left bank of the Bayou Lafourche, at about six miles below the Town of Thibodaux, measuring three and three-fourths (3 %) arpents, more or less front, by eighty arpents in depth between side lines closing as they recede from said Bayou Lafourche; bounded above by land of Mrs. Charles Fergus Beauvais and below by lands of Mrs. Homer Babin and children... .
We find that this description is sufficient to establish just title.
In a boundary action, the court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession. La.C.C. art. 792. Additionally, La. C.C.P. art. 3693 provides that after considering the evidence, including the testimony and exhibits of a surveyor or other expert appointed by the court or by a party, the court shall render judgment fixing the boundary between the contiguous lands in accordance with the ownership or possession of the parties. Skillman, 898 So.2d at 434.
The trial court noted in its written reasons that the Devilliers contend that they have had quiet, uninterrupted possession of the property since their acquisition in 1945, citing testimony by Larry Devillier that his father, Louis Devillier, moved to the Thibodaux area with his family and started farming rice on what is now the Devillier property. The trial court further noted testimony that the property was fenced along the edge of the ditch to the railroad right-of-way, granted in 1910; on the other side of the railroad right-of-way, the property was also fenced along the ditch.[2] Joseph Daly Devillier confirmed the testimony of Larry Devillier that the property was fenced. Remnants of an old fence were found when the property was surveyed. The Devilliers also testified that during this time they exclusively maintained the property within the fencing. Ultimately, the trial court found that the Devilliers acquired ownership of the disputed property to the northern most edge of the ditch line through acquisitive prescription of ten years. Because ownership of the property was established by March 1955, acts in the 1960's are irrelevant.
After careful review of the entire record in this matter, we find a reasonable basis for the trial court's finding and that the findings are not manifestly erroneous or clearly wrong. Further, we find no legal error by the trial court. Therefore, the judgment is affirmed and this memorandum opinion is issued in accordance with URCA Rule 2.16.1B. Costs of the appeal are assessed to Pied A Terre, L.L.C.
AFFIRMED.
NOTES
[1] The original defendants in this matter were the succession of Inez Lavergne Devillier, as well as numerous individually named Devillier heirs. The Devilliers subsequently transferred their property to LVD Management, LLC, which has been substituted for the Devilliers as the defendant, now the appellee.
[2] Mr. Larry Devillier's testimony was made with reference to a survey on which he indicated to the court the fenced area he was describing. In reviewing the testimony, however, we were limited to the statement "from here to here." We also note that the trial court visited the subject property.