# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-392


**JAMES C. PERKINS, ET AL**

**VERSUS**

**ANDREW J. FOWLER, ET AL**


## C/W 17-393

**ANDREW J. FOWLER, ET AL**

**VERSUS**

**JAMES C. PERKINS, ET AL**


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 250,334 C/W 250,346
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

************
### SYLVIA R. COOKS
### JUDGE
************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and
Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

**Richard A. Rozanski**
**Wheelis & Rozanski**
**2312 South MacArthur Drive**
**Alexandria, LA 71315**
**(318) 445-5600**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    James C. Perkins

**Brian K. Thompson**
**Thompson Law Firm, LLC**
**3600 Jackson Street, Suite 115B**
**Alexandria, LA 71303**
**(318) 473-0052**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    Andrew J. Fowler

**COOKS, Judge.**

This appeal arose from the trial court's judgment in favor of defendants/appellees, Andrew Fowler and the Unopened Succession of Blanch Deramus Fowler, granting the motion for summary judgment recognizing their right to the possession of a thirty-two foot tract of land. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On June 12, 1963, James C. Perkins and Emily L. Perkins, purchased a 10.2 acre tract of land located in Lecompte, Louisiana. The Perkins established this property as their homestead, clearing the land and building a home. They maintained a constant presence on the land from that date to the present.

In 2014, Andrew Fowler, who lived on land next to the Perkins, began removing fencing and trees on property the Perkins alleged belonged to them. The Perkins eventually contacted the Rapides Parish Sheriff's Department in connection with this activity. In connection with this, on June 11, 2014, James C. Perkins, as Trustee of the Living Trust of James and Emily Perkins, filed a "Petition for Possession, Temporary Restraining Order, Preliminary and Permanent Injunction and Damages." At issue was a thirty-two foot strip of land that bordered the Perkins property on the south side. In the possessory action, it was claimed the Perkins had been in "actual physical, corporeal possession, with the intent as owner" of the property in question "for a period in excess of one (1) year prior to any disturbance in fact by Defendant." A Temporary Restraining Order and Rule to Show Cause was issued by the district court on June 11, 2014.

In their suit, the Perkins claimed that, for seventy years, there existed a barbed wire fence encompassing the Perkins' tract of land. They further asserted this fence was maintained and utilized by them, but that over time trees began to grow along the property line, and the fence began to decay. They assert the tree

line essentially became the fence line of the property, and they would connect the barbed wire fence to the trees to keep it upright. They maintained at all times they have lived on the property and possessed up to the tree line as owners.

In response, Fowler answered the Perkins suit and also, on October 14, 2014, Fowler filed a separate "Petition for Possession, Preliminary and Permanent Injunction and Damages." In that suit, Fowler claimed a disturbance in corporeal possession as the owner of five contiguous tracts of land located in Rapides Parish and including the thirty-two foot strip of land in question.

The two suits were consolidated by the district court as set forth in the petition. Thereafter, the Perkins filed an amended petition asserting they were "owners" of the property and further prayed for relief "declaring petitioner to be the exclusive owner of all of the land enclosed by the boundaries set forth on the Phillips survey and in accordance with petitioners recorded title."

On December 5, 2016, Fowler filed a Motion for Summary Judgment, contending that there was no disputed material facts that Perkins converted his possessory action to a petitory action and therefore, pursuant to La.Code Civ.P. art. 3567, judicially confessed Fowler's possession of the disputed property. Perkins filed an opposition to Fowler's motion for summary judgment, maintaining the original possessory action was converted into a declaratory action that did not confess possession in the adverse party.

The parties each introduced surveys that were conflicting as to who owned the thirty-two foot strip of land, as well as memoranda in support of their respective positions on whether summary judgment was appropriate. After a hearing on the motion, the trial court rendered judgment in favor of Fowler as to the thirty-two foot strip of land. No reasons for judgment were issued.

Perkins has appealed the judgment of the trial court, asserting the following assignments of error:

3

1. The trial court erred as a matter of law in finding that Perkins converted his possessory action to a petitory action.

2. The trial court erred in finding there were no questions of material fact as to the thirty-two foot strip of land.

## ANALYSIS

When an appellate court reviews the grant of a motion for summary judgment, it applies the de novo standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Gray v. Am. Nat. Prop. & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844 (*quoting Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). The motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(A)(3).

The burden of proof is on the mover, unless that party would not bear the burden of proof at trial. La.Code Civ.P. art. 966(D)(1). The mover need only show "an absence of factual support for one or more elements essential to the adverse party's claim." *Id.* The burden then shifts to the adverse party who must demonstrate that he will in fact meet his evidentiary burden at trial. *Id.*

In his first assignment of error, the Perkins claim the trial court erred as a matter of law in finding that they converted the possessory action into a petitory action, thus judicially confessing possession of the disputed property to Fowler, the adverse party.

A possessory action is an action by the possessor of immovable property to maintain or regain possession of that property following a disturbance or an eviction of his or her possession. La.Code Civ.P. art. 3655. A petitory action is an action by a person claiming ownership of immovable property that is currently in

the possession of another, who also claims ownership. La.Code Civ.P. art. 3651. Importantly, in order for an action to be classified as petitory, the plaintiff would have to be claiming both ownership and lack of possession. Louisiana Code of Civil Procedure Article 3657 details the interrelation between possessory and petitory actions, and reads as follows:

> The plaintiff may not cumulate the petitory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the possessory action is abated.

> When, except as provided in Article 3661(1)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.

> If, before executory judgment in a possessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possessory action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.

The statute provides when both a possessory action and a petitory action are asserted in the same suit or pled in the alternative, the possessory action is waived. As this court noted in *Blaise v. Smith*, 01-1512, p. 3 (La.App. 3 Cir. 3/6/02), 809 So.2d 1253, 1255, "[u]nder La.Code Civ.P. art. 3651, a petitory action is one brought by a person who claims ownership of immovable property--*when he is not in possession of the property himself*--against another person who is in possession of the property or who claims ownership of the property adversely, in order to obtain a judgment to recognize his ownership." (Emphasis added.) In this case, we find the Perkins amended petition was not a petitory action, as they never asserted they lacked possession in the property and, in fact, maintained they have had continuous possession over the disputed area since 1963.

Further, as the Perkins point out, Louisiana law has recognized that a plaintiff in possession of the property can bring an action for declaratory judgment,

5

thereby raising issues of possession and ownership in the same action. *Lafourche Realty Co., Inc. v. Duard Eymard Co., Inc.*, 93-1278 (La.App. 1 Cir. 6/24/94), 638 So.2d 1138, *writ denied*, 94-1991 (La. 11/11/94), 644 So.2d 390; *Liner v. Terrebonne Parish Sch. Bd.*, 519 So.2d 777 (La.App. 1 Cir.1987), *writ denied*, 521 So.2d 1173 (La.1988), *cert. denied*, 488 U.S. 827, 109 S.Ct. 79 (1988). The Perkins' amended petition was titled "First Amended Petition for Judicial Fixing of Boundary, Declaratory Judgment, Preliminary and Permanent Injunction, Trespass and Damages." We agree with the Perkins' argument that this petition changed the action from one of possession to one for Declaratory Judgment, seeking a judgment from the court declaring that they can maintain the possession that they currently enjoy without disturbance.

Accordingly, we find the trial court erred in finding the Perkins' amended petition converted their initial possessory action into a petitory action, thus judicially confessing ownership of the disputed property to Fowler. Without that judicial confession, which by law would constitute full proof against the party that made it, the record clearly contains material issues of fact as to possession of the thirty-two foot strip of land. The record contains conflicting surveys with different boundary lines, as well as disputes over Fowler's actual possession of the disputed area. Therefore, summary judgment was inappropriate in this matter, and the judgment must be reversed.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the motion for summary judgment is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed against appellees, Andrew Fowler and the Unopened Succession of Blanch Deramus Fowler.

**REVERSED AND REMANDED.**