JANET STEWART

VERSUS

CHARLOTTE MILLER, CLAYTON MILLER &
FAITH HATCHER HOOTER

NO. 23-CA-535

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 837-712, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

May 29, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Scott U. Schlegel, and Timothy S. Marcel

<u>**REVERSED IN PART; AFFIRMED AS AMENDED IN PART;**</u>
<u>**REMANDED**</u>
    **JGG**
    **SUS**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JANET STEWART
    Shermin S. Khan

COUNSEL FOR DEFENDANT/APPELLEE,
CHARLOTTE MILLER & CLAYTON MILLER
    Irl R. Silverstein

**GRAVOIS, J.**

The issues in this appeal are whether the trial court erred by granting an exception of no cause of action and dismissing all of the plaintiff's claims with prejudice, and by granting an exception of nonjoinder of an indispensable party without allowing the plaintiff leave to amend to add the parties at issue. We conclude the court erred in granting the exception of no cause of action because the plaintiff adequately stated a cause of action for declaratory relief pursuant to La. C.C.P. art. 3654. We further conclude the court erred in granting the exception of nonjoinder of an indispensable party without allowing the plaintiff leave to amend. Therefore, we reverse the part of the judgment which granted the exception of no cause of action and enter judgment denying the exception based on the reasons provided below. We further amend the judgment in part with respect to the exception of nonjoinder of an indispensable party to allow amendment of the petition. We remand for further proceedings.

## PROCEDURAL BACKGROUND AND FACTS ESTABLISHED BELOW

On February 13, 2023, plaintiff/appellant, Janet Stewart, filed a "Petition for Declaratory Judgment Petitory Action" against defendants Charlotte Miller, Clayton Miller, and Faith Hatcher Hooter, alleging both Hooter and the Millers were "staking claim to one immovable property," located at 1214 Industry Street, Bridge City, Louisiana 70094 (Jefferson Parish). Stewart claimed ownership of the property by virtue of a "Bond for Deed" contract she and her deceased sister, Anglenell Stewart, had entered into with Hooter in 2008. She alleged she continued making payments towards the purchase of the property until May of 2022, which was months after insurance checks for damages to the property from Hurricane Ida had been received by Hooter, but which checks were never conveyed to her, nor used to make the extraordinary repairs necessary for the home's proper habitation.

The petition alleged in December of 2022, Hooter sold the property to the Millers, and on January 11, 2023, the Millers filed an

eviction proceeding against Stewart in the 7th Justice Court (justice of the peace court) in Jefferson Parish. According to the petition, the 7th Justice Court found it did not have subject matter jurisdiction over the matter and signed an order granting Stewart continued habitation of the property.

Stewart claimed she had "just title" to the property by virtue of the Bond for Deed contract. She claimed she had peaceful and uninterrupted possession of the property for over ten years, as per La. C.C.P. art. 3651, which governs petitory actions. However, she also claimed she had never been evicted or ceased to possess/occupy the property and her possession had always been open and obvious. She prayed for: (1) a declaratory judgment in her favor, declaring her to be the owner of the property; (2) an injunction against defendants preventing them from making attempts to evict or disrupt her possession; and (3) all other general and equitable relief as allowed by law, including court costs and reasonable legal fees. She attached a hearing order to her petition, and after an initial continuance, the matter was set for hearing on May 1, 2023.

On March 8, 2023, defendants Charlotte Miller and Clayton Miller filed exceptions of No Cause of Action, Improper Use of Summary Proceedings, and Failure to Join an Indispensable Party. Attached to the exceptions was a certified copy of a "General Warranty Deed" evidencing a sale of the subject property from Hooter to C & C Classic Homes, Inc., signed by its directors, the Millers.

The exceptions were also set for a hearing on May 1, 2023. Stewart and her counsel were not present in court for the hearing when the trial court orally granted the exceptions. Thereafter, Stewart filed an unopposed motion for a new trial on the exceptions, asserting the date of the hearing had been miscommunicated to her and her counsel. Stewart also filed an opposition to the exceptions, attaching a multitude of exhibits to her memorandum in opposition. The exceptions were heard on June 13, 2023 in open court. The court admitted Stewart's exhibits over the objection of defense counsel.

The court issued a written judgment that same day, granting all of the exceptions. This appeal followed.

## INITIAL MATTER CONCERNING THE JUDGMENT

Upon lodging of the appeal with this Court, our customary review of the record indicated the judgment signed by the trial court on June 13, 2023 was insufficient to invoke this Court's appellate jurisdiction because it lacked the appropriate and necessary decretal language. Accordingly, this Court issued an order to the trial court, ordering it to amend the judgment of June 13, 2023 to include the appropriate and necessary decretal language and to supplement the appellate record with the amended judgment. The court amended the judgment on March 21, 2024 and the amended judgment was lodged with this Court in a supplemental record.

Though the court amended the judgment to contain decretal language sufficient to invoke this Court's appellate jurisdiction, the particular decretal language used by the court appears to dismiss the entire suit, when by granting the exception of no cause of action, the court should have only dismissed Stewart's claims against the Millers. Stewart filed this suit against not only the Millers, but also against Hooter, who, on the face of the appellate record, has not made an appearance in the suit. The Millers did not file the exceptions also on Hooter's behalf. Accordingly, to the extent the court in the amended judgment dismissed Stewart's entire case against all defendants, the court erred, and should have only dismissed Stewart's claims against the Millers.

However, because we find merit to the appeal and reverse the court's granting of the Millers' exception of no cause of action, the court's error in dismissing Stewart's suit in its entirety is rendered moot.

## EXCEPTION OF NO CAUSE OF ACTION

Regarding the exception of no cause of action, the Millers asserted that a petitory action may only be brought by one who claims ownership but who is not in possession, as per La. C.C.P. art. 3651.

They argued the petition failed to indicate Stewart was not in possession of the property, and as such, failed to assert a cause of action for a petitory action.

The Millers also argued Stewart failed to assert a cause of action for a possessory action under La. C.C.P. art. 3655, because she did not allege in her petition that she possessed the immovable property for herself. They argued she had never acquired a possessory interest in the property through the 2008 Bond for Deed contract. Possession under a bond for deed contract, the Millers argued, makes Stewart a precarious possessor, who may not assert a possessory or a petitory action. The court apparently agreed, granting the exception of no cause of action.

In her opposition before the lower court, Stewart argued that La. C.C.P. art. 3654 provides that a person who is in possession of immovable property may institute an additional action for declaratory judgment for recognition of her ownership against a person who claims ownership of the same property.

An exception of no cause of action is designed "to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition." *Heirs of John Beckwith LLC v. Sims*, 20-476 (La. App. 4 Cir. 3/10/21), 315 So.3d 306, 315. "An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief." *Id*. (citation omitted). Denial of an exception of no cause of action is reviewed *de novo* because the question of whether a petition states a cause of action is a question of law. *Ordoyne v. Ordoyne*, 07-0235 (La. App. 4 Cir. 4/2/08), 982 So.2d 899, 902. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.

"The objection of no cause of action raises the question of whether the law affords *any remedy* to plaintiff under the allegations of the petition. It is triable on the face of the petition. For purposes of its determination, all well-pleaded facts are accepted as true and all

doubts are resolved in favor of the sufficiency of the petition." *Johnson v. Edmonston*, 383 So.2d 1277, 1281-82 (La. App. 1 Cir. 2/25/1980), citing La. C.C.P. arts. 927, 931; *Elliot v. Dupuy*, 242 La. 173, 135 So.2d 54 (1961); *Bielkiewicz v. Rudisill*, 201 So.2d 136 (La. App. 3d Cir. 1967). (Emphasis added.)

Stewart's petition, while inartfully entitled "Petition for Declaratory Judgment Petitory Claim," alleged, among other things, she and her now-deceased sister entered into a Bond for Deed contract concerning the property with Hooter in 2008, with the goal of ultimately obtaining unencumbered ownership of the property. She alleged she made payments towards the purchase of the property until May, 2022, when a dispute arose between her and Hooter over insurance checks that had been received by Hooter for damages to the property caused by Hurricane Ida, which insurance proceeds were never conveyed to Stewart, nor used to make the extraordinary repairs necessary for proper habitation of the property. She also alleged the Millers instituted an eviction proceeding against her in the 7th Justice Court to obtain possession of the property from her. She further alleged she had a "Breach of Contract" claim against Hooter, seeking specific performance and damages, because once she fulfilled her promise to pay Hooter, Hooter should have timely conveyed title to her. She asserted Hooter failed to convey title to her as rightful owner of the property and instead attempted to circumvent her legal responsibilities by conveying title to her (Hooter's) friends, the Millers. Stewart stated in her petition that she reserved her rights to bring the breach of contract claim, and "instead allege[d] lawful possession based on Acquisitive Prescription." Stewart also prayed for a declaratory judgment declaring her to be the owner of the property.

Chapter I of Title II of the Code of Civil Procedure, is entitled "Actions to Determine Ownership or Possession," and provides for three different actions through which one can assert ownership or possession of real property. *Gros v.*

*Boisvert Farms, LLC*, 13-16 (La. App. 1 Cir. 2/27/14), 142 So.3d 991, 995; *Heirs of John Beckwith LLC v. Sims*, *supra*, 315 So.3d at 315-16. La. C.C.P. art. 3651 provides for petitory actions; La. C.C.P. art. 3654 provides for the determination of ownership of immovable property or a real right therein in an action for declaratory judgment; and La. C.C.P. art. 3655 provides for possessory actions. *Id.* Therefore, pursuant to La. C.C.P. art. 3654, a "plaintiff who is in possession of the property at issue can bring an action for declaratory judgment, thereby raising issues of possession and ownership in the same action." *Id.*; *Perkins v. Fowler*, 17-392 (La. App. 3 Cir. 11/22/17), 234 So.3d 96, 99; *Lafourche Realty Co., Inc. v. Duard Eymard Co., Inc.*, 93-1278 (La. App. 1 Cir. 6/24/94), 638 So.2d 1138, *writ denied*, 94-1991 (La. 11/11/94), 644 So.2d 390; *Liner v. Terrebonne Parish Sch. Bd.*, 519 So.2d 777 (La. App. 1 Cir. 1987), *writ denied*, 521 So.2d 1173 (La. 1988), *cert. denied*, 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988).

Accepting the well-pleaded facts in Stewart's petition as true and resolving all doubts in favor of the sufficiency of the petition, upon *de novo* review, we conclude the petition, at a minimum, sufficiently states a cause of action for declaratory relief concerning Stewart's claim of ownership of the subject property based on her alleged possession of the property and as a result of the actions allegedly taken by the parties pursuant to the Bond for Deed contract. The court erred in granting the exception of no cause of action and dismissing the suit. We reverse this portion of the amended judgment and remand for the court to proceed with the matter as an ordinary proceeding.

## EXCEPTION OF NONJOINDER OF A PARTY

Regarding the trial court's grant of the Millers' exception of nonjoinder of an indispensable party, the Millers argued two indispensable parties were missing from this litigation: C & C Classic Homes, Inc., as the record owner of the property at the time the suit

was filed, and the heirs/legatees of Stewart's deceased sister, Anglenell Stewart, with whom Stewart alleged she had entered into the Bond for Deed contract. The court granted the exception, but failed to grant Stewart leave to amend the petition to add the parties.

La. C.C.P. art. 934 is clear that if the grounds for the exception may be cured by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. Under the law and evidence presented herein, we conclude the court erred as a matter of law when it did not allow Stewart time to amend her petition to add the parties needed for a just adjudication of the matter pursuant to La. C.C.P. art. 641 and 646.[1]

## DECREE

The portion of the amended judgment granting the exception of no cause of action is reversed. The judgment is amended to allow Stewart 30 days from the date of this opinion to amend the petition to add the parties needed for a just adjudication of the matter. The matter is remanded for further proceedings as an ordinary proceeding.

**REVERSED IN PART; AFFIRMED AS AMENDED IN PART; REMANDED**

---

[1] La. C.C.P. art. 646 provides, in pertinent part:

When the failure to join a party … is pleaded successfully in or noticed by an appellate court, the [appellate court] may remand the case for such amendment and further evidence.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 29, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-CA-535

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
SHERMIN S. KHAN (APPELLANT)          IRL R. SILVERSTEIN (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED